[Civ. No. 14812. Second Dist., Div. One. Oct. 30, 1945.]

WADE ZUMWALT et al., Respondents, v. JACOB C. HARGRAVE, Appellant.

Joseph A. Ball and Kenneth Sperry for Appellant.

Will H. Winston for Respondents.

YORK, P. J.—On June 4, 1941, respondents, as lessors, and appellant, as lessee, entered into a lease covering the Wade Apartments located at Long Beach, California, for a period of seven years at a stated rental per month. Said lease provided, among other things, the following:

"The landlord hereby reserves the right to terminate this lease and the terms thereof, in case of a bona fide sale of said property, upon giving ninety (90) days' notice in writing to the tenant, mailed to the tenant at the demised premises, of their intentions so to terminate the same; and this lease and the terms hereof, shall cease, determine and end at the expiration of ninety (90) days from the day when such notice shall have been mailed, and thereafter, the Lessors may take possession of the demised premises and every part thereof, either by force or otherwise, without being liable to prosecution or damages therefor, and enjoy the said premises as of their former estate, free, clear and discharged of this lease, and of all the rights of the tenant hereunder, but that in the event of such cancellation of this lease, in the manner hereinbefore provided, the Lessors shall pay to the Lessee, the sum of Fifteen Hundred Dollars ($1500.00) for any furniture purchased by the Lessee herein, in this transaction, a bonus of Five Hundred Dollars ($500.00), and such portion of Seven Hundred Fifty Dollars ($750.00) as the balance of said lease bears to the said Seven Hundred Fifty Dollars (750.00), as consideration for the surrender of said premises."

On June 20, 1943, the property was sold, whereupon respondents on June 21, 1943, mailed notice of termination of the lease to appellant, which contained an offer to pay "the sum of $1500.00 for any furniture purchased by you in the transaction of June 4, 1941, also a bonus of $500.00 and also such proportion of the sum of $750.00 as the balance of said lease bears to the said sum of $750.00, which said sums of money will be paid immediately upon your vacating said premises as consideration for the surrender thereof."

Appellant refused to vacate the premises, whereupon respondents brought the instant action to recover possession thereof. The trial court found in favor of respondent lessors and entered judgment for recovery of possession of the property and for cancellation of the lease.

This appeal is prosecuted by the lessee, who urges the following grounds in support of a reversal of the judgment:

1. That the complaint fails to state a cause of action;

2. That the uncertainty of the agreement was conclusively established by the evidence;

3. That the notice of termination was defective in that it was not signed by the lessors or any duly authorized agent;

4. That the judgment fails to dispose of the entire controversy or to do equity between the parties.

It is here contended by appellant that "while the action is ostensibly one in unlawful detainer, the true import of the proceeding is one to specifically enforce the terms of an option upon the part of the lessors to terminate the leasehold estate and to repurchase any furniture purchased by the lessee. It is likewise obvious that it is impossible to ascertain from a literal reading of that portion of the lease which is quoted in paragraph IV of the complaint, the exact amount of money which lessors are required to pay to the lessee in the event they seek to enforce the option or the time that such payment is to be made." Also, that assuming that respondents intended to state a cause of action in ejectment, "the complaint is fatally defective in that it affirmatively appears from the specific allegations thereof that plaintiffs' right to possession was not absolute, but was conditional upon the payment of certain sums, the amount of which could not be determined from the terms of the contract"; and that the complaint fails to allege performance or offer of performance upon the part of respondents of such condition.

 As was so aptly stated in the case of *Samuels* v. *Singer*, 1 Cal.App.2d. 545, 548 [36 P.2d 1098] : "In considering the sufficiency of a complaint the court is not concerned with the question of proper designation of the action, nor with the prayer for relief. The duty devolving upon the court is that of determining from its allegations whether the complaint states any cause of action entitling plaintiff to any relief at law or in equity. (*Hayden* v. *Collins*, 1 Cal.App. 259 [81 P. 1120] ; *Keele* v. *Clouser*, 92 Cal.App. 526 [268 P. 682] ; *Luckey* v. *Superior Court*, 209 Cal. 360 [287 P. 450].) And the court has jurisdiction to grant 'any relief consistent with the case made by the complaint and embraced within the issue.' (Sec. 580, Code Civ. Proc.; *Hinkel* v. *Crowson*, 83 Cal.App. 87 [256 P. 479].) "

 The complaint herein alleges a written lease entered into between the parties hereto and alleges *in haec verba* the termination clause heretofore quoted in this opinion. The complaint then alleges a bona fide sale of the property, service of notice of termination of the lease by respondents and the tender by them to appellant of the following sums: $1,500, together with the $500 bonus provided for in the lease; $508.92, the proportionate share of the $750 mentioned in said lease, making a total of $2,508.92, less the sum of $82.50 rent to September 25, 1943, and less the sum of $263.66 the balance due respondents on a promissory note for the purchase of said premises, making a total credit due respondents of $346.16 and leaving a balance due appellant of $2,162.76, "which sum the plaintiffs herein herewith deposit with the Clerk of the above entitled Court for the defendants in accordance with the statutes made and provided therefor." The complaint further alleges failure and refusal of appellant to deliver possession of the premises, and that respondents were entitled to possession thereof.

It conclusively appears that sufficient facts were pleaded by respondents to entitle them to the judgment rendered herein, i. e., recovery of possession of the property and cancellation of the lease.

 With respect to appellant's point that the uncertainty of the agreement was conclusively established by the evidence, appellant testified that at the time the lease was prepared he understood that. the money provided to be paid to him under the termination clause would be paid at the time notice of termination was served upon him so that he could use it to

get another place, and also that he was to be paid in addition to the amounts specified in the lease an amount to compensate him for any improvements or new furniture that he put into the apartment house. Respondents, on the other hand, testified that there was no discussion at the time the lease was prepared as to when the money provided by the termination clause should be paid, and nothing was said with respect to reimbursement for furniture that appellant might put into the apartment after he went into possession. In the words of respondent Wade Zumwalt: ''There was no place to put it. The apartments were full when he went there. . . . The Court: He said he paid you $1,500.00 for the furniture? A. Yes, sir. . . . The Court: . . . And you agreed to pay him $1,500.00 for the furniture, that is in the lease itself, which was cancelled? A. Yes, sir. The Court: Was there any discussion about why you should pay $1,500.00 for furniture that had depreciated? A. No, there was not. The Court: That wasn't discussed. You were to pay $1,500.00 for the furniture, the same price he paid you? A. That is right. The Court: Even though it had depreciated over a period of several years? A. That is right. The Court: No discussion about that; no discussion about what would happen to the replacements? A. No, sir. The Court: All right.''

An examination of the reporter's transcript reveals that insofar as the parties to the action are concerned, their sole argument was over the furniture in the apartments and the additions or replacements which were made by appellant. The lease provided for a payment to appellant by respondents of $1,500 for the furniture upon cancellation or termination of the lease. After argument and discussion of this point, the trial court commented as follows: ''I will take the plaintiff's version that these were largely replacements. The place was full of furniture anyway and I don't think he is getting his furniture in much better condition—he won't be much ahead on it anyway because that kind of furniture depreciates rapidly.'' The lease itself provided that the various sums of money should be paid to lessee ''as consideration for the surrender of said premises''; and the notice of termination stated: ''said sums of money will be paid immediately upon your vacating said premises as consideration for the surrender thereof.'' In view of what has been said, there is no merit in appellant's second point.

The notice of termination of lease is signed by ''Wade

Zumwalt and Madge Zumwalt by Will H. Winston, Their Attorney." Appellant contends that the notice is defective because not signed by the lessors or their duly authorized agent.

". . . an attorney generally has express authority to bind his client by all acts which are expressly authorized by the contract of employment, and, in addition, he has, merely by virtue of the retainer or employment alone, the general implied authority to do on behalf of his client all acts, in or out of court, necessary or incidental to the prosecution or management of a suit or defense, or the accomplishment of the purpose for which he was retained." (7 C.J.S. 896, § 79.)

"A provision requiring notice of exercise of an option to terminate a lease must be complied with unless waived . . . and the rule seems to be that such a provision is not construed strictly, but it is sufficient if the intention of the party to exercise the option is fairly communicated." (32 Am.Jur. 713, §837.)

By virtue of his employment by respondents, their attorney had the general implied authority to execute the notice of termination of the lease in their behalf.

With respect to appellant's final point, that the judgment fails to dispose of the entire controversy, an examination of the record discloses that the trial court found on all the issues raised by the pleadings; that the sum of $2,162.76 was deposited with the court; that the court decided that such sum was due the appellant, and it is now held by the clerk of the court for appellant.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1945.