**MAYFAIR EXTENSION, Inc., Appellant,**

v.

**Warren E. MAGEE, Appellee.**

**No. 13319.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 5, 1957.

Decided Feb. 21, 1957.

PER CURIAM.

This appeal is from the District Court's denial of appellant corporation's motion, under Rules 55 and 60, Fed.R. Civ.P., 28 U.S.C. to vacate the default judgment entered in appellee's suit on two promissory notes and for attorney's fees.

The suit was filed on March 30, 1954, when appellee was general counsel and secretary of appellant. Service was made the next day on appellant's executive vice president, Cassell. According to affidavits in support of the motion to vacate, Cassell and appellee were denied re-election at a Board of Directors meeting on April 16, 1954, and they withdrew from the meeting without mentioning the suit and the service upon Cassell. Appellee obtained judgment by default on April 26, 1954.

It appears from Cassell's affidavit that one Walker, who was employed as a property manager by appellant corporation after April 16, 1954, knew of the suit and service of process before the entry of the default judgment. Walker's affidavit, executed a week or so after Cassell's was filed, is completely silent as to whether he had such knowledge or, if so, conveyed it to any officer or director. There is no dispute, however, that appellant was fully advised of the judgment no later than May 7, 1954. The motion to vacate was not filed until April 25, 1955—almost a year later.

Appellant says its motion is premised on a breach of trust by attorney against client and therefore falls within Rule 60(b) (3), Fed.R.Civ.P. Under this rule a default judgment may be set aside for "fraud * * *, misrepresentation, or other misconduct of an adverse party." Appellant argues that a motion to vacate for such reason may be brought any time within one year. But the rule requires that "The motion shall be made within a reasonable time, *and* [when based upon Rule 60(b) (3)] not more than one year after the [default] judgment * * *." Thus it was not only necessary that the motion be filed within one year, but also that it be filed within a reasonable time within the one-year period. Upon the record before us, the latter requirement is not satisfied. The District Court was, therefore, correct in denying the motion.

Affirmed.