**ALASKA TRUCK TRANSPORT, INC.,**
**a corporation, Appellant,**

v.

**BERMAN PACKING COMPANY, Appellee.**

**No. 1136.**

Supreme Court of Alaska.

May 22, 1970.

H. Russel Holland, Anchorage, for appellant.

John E. Havelock and F. E. Smith, of Ely, Guess, Rudd & Havelock, Anchorage, for appellee.

Before BONEY, C. J., DIMOND, RABINOWITZ and CONNOR, JJ., and MOODY, Superior Court Judge.

DIMOND, Justice.

Appellee was indebted to appellant for transportation services and storage. Appellant sold some cartons it was holding which belonged to appellee, and credited the amount realized to appellee's account.

A dispute arose over whether or not appellee had authorized the sale of the cartons. Its position was that it had not and that appellant had converted the cartons to its own use by the sale.

Appellee tendered a check to appellant in full satisfaction of its account. A letter accompanying the check indicated that there had been deducted from the total of transportation and storage charges an amount in excess of what appellant had realized from the sale of the cartons.

Appellant negotiated this check, indicating by endorsement that it was not accepted as full satisfaction of appellee's account. Subsequently, appellant brought suit against appellee for the balance alleged to be due on the account.

The superior court found that the check tendered by appellee had been accepted by appellant in full satisfaction of the account. A judgment for appellee was entered on February 23, 1968.

No appeal was taken from this judgment. Eleven months later, on January 7, 1969, appellant filed a motion under Civil Rule 60 (b) to set aside the judgment. The basis for the motion, as stated by counsel for appellant was that—

In researching another I.C.C. rate case commenced by another carrier counsel has become aware of certain legal principals which should apparently have been asserted in this case and which appear to absolutely require the enterance [sic] of a Judgment in favor of plaintiff on its claim irrespective of the set off asserted by defendant.

The basic contention made by appellant was that no common carrier could legally charge or accept compensation different from that specified by tariff. Because of this, appellant argued that the satisfaction of appellee's account for an amount less than the full tariff charges was not binding.

The superior court considered the motion, indicated that it had been aware of this legal principle when it entered the original judgment, and denied the motion. This appeal followed.

■ Civil Rule 60(b) (1) permits the trial court, in its discretion, to relieve a party from a final judgment for various reasons, such as "mistake, inadvertence, surprise or excusable neglect." [1] These

---

1. Gravel v. Alaskan Village, Inc., 423 P.2d 273, 277 (Alaska 1967); Alaska Truck Transport, Inc. v. Inter-Alaska Credit Serv., Inc., 397 P.2d 618, 619–620 (Alaska 1964).
Civ.R. 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise or excusable neglect;

grounds for relief are quite broad—they would encompass a case where an error of law had been made by counsel or by the court through mistake, inadvertence or excusable neglect.[2]

There are time limits within which such a motion may be made. The rule provides that—

The motion shall be made within a reasonable time, and for reasons (1) * * * not more than one year after the judgment * * * was entered * * *.

In this case the motion was made about 11 months after the entry of judgment, so the one year limitation was not exceeded. But this does not necessarily mean that the motion was timely. It is also required by the rule that the motion be made within a "reasonable time" within the one year period.[3] The question here is whether appellant's motion was filed within a reasonable time.

In determining this question, there are two interests to be considered. One is the interest in finally terminating litigation within a reasonable time. This is reflected in our rule requiring appeals to be taken within 30 days after entry of judgment,[4] our decisions applying that rule,[5] and the

provisions of Rule 60(b) itself which state that a motion for relief from a final judgment does not affect its finality or suspend its operation.[6] It is because of this interest in terminating litigation within a reasonable time,[7] which is accomplished by having finality in judgments, that the federal courts in applying a like rule[8] have said that federal Rule 60(b) cannot be used to extend the time for appealing from a final judgment and thus circumvent the policy behind the rule limiting the time within which to take an appeal.[9]

On the other hand, there is the interest in having legal disputes fairly and justly disposed of. This is reflected in Rule 60(b), the purpose of which is to provide relief from judgments which, for one reason or another, are unjust.[10]

■ The competing interests of finality and correcting injustice must be balanced.[11] Here the alleged injustice sought to be corrected is said to have been caused by an error of law arising from counsel's inadvertence in not being aware of and making known to the trial court the correct principle of law bearing on the outcome of the litigation. In such a case we believe the

---

2. Fleming v. Huebsch Laundry Corp., 159 F.2d 581, 585 (7th Cir. 1947); 7 J. Moore, Federal Practice ¶ 60.22 [2], at 232–33, ¶ 60.22 [3], at 235–36 (2d ed. 1968). *See also* 6A J. Moore, Federal Practice ¶ 60.06 [4], at 4051–52 (2d ed. 1966).

3. Mayfair Extension, Inc. v. Magee, 100 U.S.App.D.C. 48, 241 F.2d 453, 454 (1957).

4. Supreme Ct.R. 7(a) provides in part: The time within which an appeal may be taken to the supreme court shall be thirty (30) days from the entry of the judgment appealed from * * *.

5. Whitney Bros. Plumbing & Heating v. Industrial Com. Constr., Inc., 432 P.2d 533, 534 (Alaska 1967); Gravel v. Alaskan Village, Inc., 409 P.2d 983, 984–985 (Alaska 1966); Radich v. Fairbanks Builders, Inc., 399 P.2d 215, 216–217 (Alaska 1965); Oaks v. Grocers Wholesale, Inc., 377 P.2d 1001, 1003 (Alaska 1963); Vogt v. Winbauer, 376 P.2d 1007, 1010 (Alaska 1962).

6. Civ.R. 60(b) provides in part:
A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

7. "It is in the public interest * * * to set a definite and ascertainable point of time when litigation shall be at an end * * *." Chief Justice Stone, dissenting, in Hill v. Hawes, 320 U.S. 520, 525, 64 S.Ct. 334, 336, 88 L.Ed. 283, 286 (1944).

8. Rule 60(b), Federal Rules of Civil Procedure.

9. Demers v. Brown, 343 F.2d 427, 428 (1st Cir. 1965); Wagner v. United States, 316 F.2d 871, 872 (2d Cir. 1963); Perrin v. Aluminum Co. of America, 197 F.2d 254, 255 (9th Cir. 1952).

10. *See* 7 J. Moore, Federal Practice ¶ 60.18 [8], at 214 (2d ed. 1968).

11. 7 J. Moore, Federal Practice ¶ 60.18 [8], at 214 (2d ed. 1968); 3 Barron & Holtzoff, Federal Practice & Procedure § 1323, at 396–97 (1958).

requisite balance between the desire to achieve finality and the need to correct injustice can best be achieved by requiring that Rule 60(b) motions based on errors of law be brought within the time for taking an appeal, i. e., within 30 days from the entry of judgment. That is a "reasonable time" within the meaning of Rule 60(b).[12]

Of course, this will require counsel to be informed and diligent. But no more so than he is required to be by other rules. The right to appeal to this court, in order to correct an error of law made by the trial court, is conditioned upon the appeal being taken within 30 days from the entry of judgment.[13] And a request of the trial court to grant a new trial or to alter or amend a judgment, because of an error of law or for other reasons, must be made within 10 days after entry of judgment.[14] To require a Rule 60(b) motion for an er-ror of law to be made within 30 days from the entry of judgment is reasonable, it will prevent emasculation of the rule requiring appeals to be taken within the same period of time, and it will give proper regard to the sound principle of finality of judgments.

■ The rule we adopt here is not immutable. Like any other procedural rule or requirement, it may be relaxed or dispensed with where the demands of justice require it.[15] There may arise compelling circumstances where the scales will be tipped in favor of relaxing the requirement that a Rule 60(b) motion based on an error of law be made within 30 days from entry of judgment. Such compelling circumstances are not present in this case.

The superior court's order denying the Civil Rule 60(b) motion is affirmed.

---

12. *See* 7 J. Moore, Federal Practice ¶ 60.22 [3], at 238 (2d ed. 1968).

13. Supreme Ct.R. 7(a).

14. Civ.R. 59(b), (f).

15. Supreme Ct.R. 52 provides:
    These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.
    Civ.R. 94 provides:
    These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.
    See cases annotated to these two rules.