**WELLMIX, INC., Appellant,**

v.

**CITY OF ANCHORAGE, a municipal corporation, Calvin T. Johnson and Reta L. Johnson, Appellees.**

**No. 1123.**

Supreme Court of Alaska.

June 15, 1970.

---

Charles R. Tunley, of Ross & Tunley, Anchorage, for appellant.

Robert H. Wagstaff, City Atty., Anchorage, for appellee City of Anchorage.

W. C. Arnold, Anchorage, for appellees Calvin T. and Reta L. Johnson.

OPINION

Before BONEY, C. J., DIMOND, RABINOWITZ and CONNOR, JJ., and FITZGERALD, Superior Court Judge.

DIMOND, Justice.

In an eminent domain action brought by the City of Anchorage a master awarded appellant $13,250 as the value of its leasehold interest in the condemned property. Both appellant and the city appealed to the superior court. The court dismissed appellant's appeal and confirmed the master's

award. The dismissal was ordered as a sanction for appellant's failure to comply with an order directing it to answer certain interrogatories propounded by the appellees, Calvin and Reta Johnson.

Appellant has appealed to this court from the order of dismissal. The Johnsons moved to dismiss the appeal as untimely. We deferred action on the motion to dismiss until after the briefs had been filed and oral argument heard.

■ The order of dismissal was entered by the superior court on January 31, 1969. Appellant did not file its notice of appeal until March 7, 1969. Since this was more than 30 days following entry of the judgment appealed from, the appeal was too late and is subject to dismissal.[1]

Appellant argues that it had 60 days to appeal under the provision in Supreme Court Rule 7(a) which allows that period of time as to all parties in an action in which "the state or an agency thereof is a party."[2] It is appellant's position that the appellee, City of Anchorage, is an agency of the state within the meaning of that rule.

Granting the state 60 days to appeal is a recognition of the practicalities and complexities of running the state government. The state Department of Law, of which the Attorney General is the principal exec-utive officer, has a multitude of duties, including the handling of all litigation in which the state, its departments, agencies, and officers are involved. Because of the heavy burden of litigation with which the Department of Law is likely to be concerned, more time should be allowed for decisions as to whether trial court judgments will be appealed. This should have the effect of preventing hasty appeals being taken in order to preserve the right to appeal, because of lack of time to give adequate consideration to whether or not an appeal is justified at all.[3]

The City of Anchorage is not an office, department or agency of the executive branch of the state government under article III of the Alaska constitution which deals with the executive power of the state.[4] It is a home rule city with "maximum local self-government", organized under a separate article of the constitution relating to local government.[5] In its legal affairs and litigation in which it is involved the City of Anchorage is not represented by the Attorney General and the Department of Law. The city is not an agency of the state within the meaning of Supreme Court Rule 7(a), and the 60 day period for taking an appeal has no application here.

■ On February 13, 1969, 13 days after the order of dismissal was entered, ap-

---

1. Supreme Ct.R. 7(a) provides in part: The time within which an appeal may be taken to the supreme court shall be thirty (30) days from the entry of the judgment appealed from * * *.

2. Supreme Ct.R. 7(a) provides in part: The time within which an appeal may be taken to the supreme court shall be thirty (30) days from the entry of the judgment appealed from unless a shorter time is provided by law, except that: (1) in any action in which the state or an officer or agency thereof is a party, the time as to all parties shall be sixty (60) days from such entry * * *.

3. *See* Advisory Committee note to Rule 73(a), Federal Rules of Civil Procedure, relating to the sixty day period for ap-pealing when the United States or an officer or agency thereof is a party. 9 J. Moore, Federal Practice ¶ 73.01 [5], at 3116 (2d ed. 1969).

4. Alaska Const. art. III, § 22 provides: *Executive Branch.* All executive and administrative offices, departments, and agencies of the state government and their respective functions, powers, and duties shall be allocated by law among and within not more than twenty principal departments, so as to group them as far as practicable according to major purposes. Regulatory, quasi-judicial, and temporary agencies may be established by law and need not be allocated within a principal department.

5. Alaska Const. art. X.

pellant filed a "Motion in Opposition to Order" in which it objected to the entry of the order of dismissal previously entered. The motion was denied by order of the superior court on March 14, 1969. Appellant filed a notice of appeal from this order on March 28, 1969.

Appellant contends that its motion in opposition was in reality a Civil Rule 60(b) motion to relieve appellant from the final order of dismissal of January 31, 1969, although not denominated as such,[6] and that its March 28 notice of appeal was timely because it was filed within 30 days from the order denying the motion in opposition.

Assuming that the motion in opposition to the order of dismissal was a Civil Rule 60(b) motion, the denial of that motion on March 14 was an appealable order,[7] and the notice of appeal filed March 28 was timely because filed within 30 days.[8] The question is what such appeal brings before this court for review.

A Rule 60(b) motion for relief from a judgment "does not affect the finality of a judgment or suspend its operation."[9] This means that the filing of such a motion does not terminate the running of the time for appeal from a final judgment.[10] It must also mean that an appeal from a denial of a Rule 60(b) motion does not bring up the final judgment for review.[11] If the rule were otherwise, one could appeal from a final judgment after the time had expired by utilizing a 60(b) motion, and this would circumvent the rule limiting the time within which appeals may be taken and would frustrate the sound policy of having finality in litigation.[12]

What we have to review, then, is the correctness of the decision denying the motion in opposition, and not the correctness of the order dismissing the appeal from the master's award. But from a consideration of the record it is really the latter question we are being asked to pass upon. The Johnsons' motion for sanctions for failure of appellant to answer interrogatories, properly served on appellant, was not opposed by appellant until 13 days after the motion had been granted and the order of dismissal entered. The motion in opposition was nothing more than a belated attempt to present to the trial court what should have been presented earlier, i. e., appellant's reason for opposing the Johnsons' motion. There was no showing of the kind of "mistake, inadvertence, surprise or excusable neglect", contemplated by Civil Rule 60(b), which made it incumbent upon the court to set aside the order of dismissal in order to correct an injustice.[13]

6. Civ.R. 60(b) provides in part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise or excusable neglect * * *.

7. Hines v. Seaboard Air Line R.R. Co., 341 F.2d 229, 231 (2d Cir. 1965); Greenspahn v. Joseph E. Seagram & Sons, 186 F.2d 616, 618–619 (2d Cir. 1951); Cromelin v. Markwalter, 181 F.2d 948, 949 (5th Cir. 1950); 7 J. Moore, Federal Practice ¶ 60.30 [3], at 341 (2d ed. 1968).

8. Gravel v. Alaskan Village, Inc., 423 P.2d 273, 274 (Alaska 1967).

9. Civ.R. 60(b).

10. Saenz v. Kenedy, 178 F.2d 417, 419 (5th Cir. 1950); 7 J. Moore, Federal Practice ¶ 60.29, at 331 (2d ed. 1968).

11. Hines v. Seaboard Air Line R.R. Co., 341 F.2d 229, 232 (2d Cir. 1965); Saenz v. Kenedy, 178 F.2d 417, 419 (5th Cir. 1950); Caputo v. Globe Indemnity Co., 41 F.R.D. 239, 242 (E.D.Penn.1966); 7 J. Moore, Federal Practice ¶ 60.29, at 332 (2d ed. 1968).

12. Alaska Truck Transport, Inc. v. Berman Packing Co., 469 P.2d 697 (Alaska 1970); Demers v. Brown, 343 F.2d 427, 428 (1st Cir. 1965); Wagner v. United States, 316 F.2d 871, 872 (2d Cir. 1963); Perrin v. Aluminum Co. of America, 197 F.2d 254, 255 (9th Cir. 1952).

13. The purpose of Civ.R. 60(b) is to provide relief from judgments which, for

■ We could, of course, review the order of dismissal despite the failure to appeal in time, under our authority to relax or dispense with any procedural rule when the demands of justice require it.[14] Circumstances calling for such relaxation or dispensation are not present here.

The appeals are dismissed.

one reason or another, are unjust. Alaska Truck Transport, Inc. v. Berman Packing Co., 469 P.2d 697 (Alaska 1970).

14. Supreme Ct.R. 52 provides:
These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice. Alaska Truck Transport, Inc. v. Berman Packing Co., 469 P.2d 697 (Alaska 1970).