**David MILLER, Appellant,**

v.

**Maurine McMANUS and Richard McManus, Appellees.**

**No. 2840.**

Supreme Court of Alaska.

Jan. 17, 1977.

---

Edward A. Merdes, of Schaible, Staley & DeLisio, Inc., Fairbanks, for appellant.

Millard F. Ingraham, of Rice, Hoppner & Hedland, Fairbanks, for appellees.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

CONNOR, Justice.

This appeal concerns denial of attorney's fees to the prevailing defendant in a tort action which arose out of an automobile collision. David Miller, defendant and appellant, obtained a jury verdict in his favor in this suit brought by Maurine and Richard McManus. He moved for an award of attorney's fees pursuant to Civil Rule 82. The affidavit of his counsel stated merely the total number of hours spent, his hourly rate, and the amount claimed; it did not itemize the manner in which the time had been spent. In entering judgment, the trial judge also entered an order denying the motion for attorney's fees, stating that:

> "There are insufficient facts upon which opposing counsel or the court can verify the conclusion as to total hours spent in preparation of defendant's case."

Miller then moved for reconsideration of the order denying attorney's fees, attaching a detailed statement of his attorney's time. After opposition and a reply, the court without explanation denied the motion. This appeal was taken from the denial of the motion to reconsider.

The civil rules in effect at that time did not provide for motions to reconsider.[1] *Oaks v. Grocers Wholesale, Inc.,* 377 P.2d 1001, 1003 (Alaska 1963). However, as we have done in the past, we will treat this motion as one brought under Civil Rule 60(b) for relief from the judgment. *Wellmix, Inc. v. City of Anchorage,* 471 P.2d 408, 411 (Alaska 1970); *Palzer v. Serv-U Meat Co.,* 419 P.2d 201, 207 (Alaska 1966). An order denying such a motion is final and appealable. *Wellmix, supra* at 411. However, the only question such an appeal presents is the merits of reconsideration. It does not bring before us the merits of the underlying order denying attorney's fees.[2] 7 *Moore's Federal Practice* ¶60.29, at 414–15 (2d ed. 1975). Such a motion is addressed to the discretion of the trial court, and the decision will be reversed only if that discretion was abused. *Gravel v. Alaskan Village, Inc.,* 423 P.2d 273, 277 (Alaska 1967).

---

1. Effective March 1, 1976, Civil Rule 77(m) allows for motions to reconsider decisions in the trial court.

2. As we have recognized, this is often a difficult distinction to make. *Wellmix, supra* at 411. We need not explore this point in detail, since we find ourselves unable to review the trial court's decision at all.

The original order denying attorney's fees became final without an appeal being taken from it. Pendency of a rule 60(b) motion does not extend the time in which to appeal the underlying judgment or order. *Wellmix, supra.*

We are unable to review the trial court's order denying reconsideration, because it was entered without explanation. The judge may have denied reconsideration for any of a number of reasons. Among those which come to mind are (1) that at that time the rules did not expressly provide for motions to reconsider; (2) that the original motion for attorney's fees did not comply with Civil Rule 77(b)(1) in that the supporting affidavit was not specific enough; (3) that the original motion violated Rule 77(b)(1) because the supporting affidavit, such as it was, was not filed until 39 days after the motion; (4) that the original motion violated Rule 77(b)(2) because it was not accompanied by a memorandum of law; or (5) that he considered the merits of the request for attorney's fees and in his discretion under Civil Rule 82(a) decided not to make an award.[3] All these theories were suggested in the parties' memoranda in the trial court.

While Civil Rule 52(a) provides that a decision on a motion does not require formal findings and conclusions by the trial judge, except for certain dismissal motions under Rule 41(b), this motion differs from most others. The decision on it is directly and immediately appealable. It is the sole matter appealed. We cannot adequately review the order without knowing the basis on which it was entered. Moreover, this motion for reconsideration is the only opportunity the defendant has to seek attorney's fees. His original motion may have been denied on procedural grounds, not on its merits. Defendant moved for reconsideration in order to give the court the information which in its original order, it said was needed to decide the merits. We do not know whether the trial judge considered the merits of the defendant's request for attorney's fees. We remanded in similar circumstances in *Cooper v. Carlson,* 511 P.2d 1305, 1309–11 (Alaska 1973).[4] In *Patrick v. Sedwick,* 413 P.2d 169, 179 (Alaska 1966), we held that the trial court should state its reasons when it makes an award of attorney's fees which varies from the schedule in Rule 82(a)(1) to a party who recovered a money judgment. In *Fairbanks Builders, Inc. v. Sandstrom Plumbing & Heating, Inc.,* 555 P.2d 964, 966 (Alaska 1976), we spoke of our need for a "sound record" to enable us to determine whether the trial court abused its discretion in awarding attorney's fees.

On remand, the trial court should once again pass upon the motion to reconsider, and should state the reasons for its decision.

In view of our disposition of the case, we need not consider Miller's alternative argument that the refusal to award attorney's fees deprived him of property without due process of law.

REVERSED AND REMANDED.

**3.** Rule 82(a)(1) places the award of attorney's fees within the discretion of the trial court in cases brought for monetary relief but which result in no money judgment because the defendant prevails. *Hollaus v. Arend,* 511 P.2d 1074, 1075–76 (Alaska 1973). In *Hollaus* we rejected the argument which defendant here also makes, that Rule 82(a)(2) makes the award of attorney's fees mandatory in cases of this type.

Rule 82(a)(1), after setting forth a schedule of fees based on percentages of a monetary recovery, provides:
"Should no recovery be had, attorney's fees for the prevailing party *may* be fixed by the court as a part of the costs of the action, *in its discretion,* in a reasonable amount." (emphasis added)

Rule 82(a)(2) reads:
"(2) In actions where the money judgment is not an accurate criteria [sic] for determining the fee to be allowed to the prevailing side, the court *shall* award a fee commensurate with the amount and value of legal services rendered." (emphasis added).

**4.** In *Cooper, supra,* it was unclear whether the trial court had denied attorney's fees in the erroneous belief that Cooper was not the prevailing party, or in the exercise of its discretion under Rule 82(a). We remanded, directing the trial court to exercise its discretion whether to award attorney's fees, and to state the reasons for its decision.