Grace LOWE, assignee of Seth Moore, Appellant,

v.

Marjorie SEVERANCE, Appellee.

No. 3254.

Supreme Court of Alaska.

June 10, 1977.

---

Grace Lowe, Appellant in pro per.

No appearance for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

DIMOND, Justice Pro Tem.

On November 2, 1965, a man named Seth Moore obtained a judgment against appellee Marjorie Severance on a promissory note for $7,800.00. Moore was also awarded interest at 6 per cent a year and costs and attorney's fees, bringing the total amount of the judgment to $10,185.43. On June 3, 1972, Moore assigned that judgment to appellant Grace Lowe.

As the years went by, more interest accumulated. In 1973 Ms. Lowe, by way of a writ of execution, obtained $7,060.71 from an eminent domain award paid by the state to the Severance family when certain property owned by the Severances was condemned. Ms. Lowe then obtained other writs of execution in an attempt to levy upon Severance's other property interests

to satisfy the remainder of the judgment. Severance filed a motion for relief from judgment and for a stay of execution of these writs.

On October 14, 1976, the Superior Court found that there should be subtracted from the sum awarded Seth Moore, which had been assigned to Ms. Lowe, the $7,060.71 received by Lowe from the eminent domain proceedings. In addition, the court substracted from the balance owed Ms. Lowe the amount of $5,458.82, which had been received by Moore from his sale of property that he had obtained from Severance. Allowing for the accumulation of interest for various periods of time, the court ultimately found that, as of October 14, 1976, Severance still owed the amount of $673.33 to Ms. Lowe.

On October 25, 1976, Ms. Lowe filed a motion for reconsideration of the court's memorandum decision and order. The court denied this motion for reconsideration on November 10, 1976. Then on November 19, 1976, Ms. Lowe filed a motion to reform and correct the "Judgment of Nov. 15, 1976".[1] This motion was denied by order of the court entered December 6, 1976. Ms. Lowe filed her notice of appeal to this court on December 29, 1976.

Civil Rule 77(m) provides for a motion to reconsider a decision of the Superior Court. Consequently, Ms. Lowe's October 25, 1976 motion for reconsideration of the court's memorandum decision was in order. Rule 77 does not provide for a second motion to reconsider, and therefore, we will treat Lowe's November 19, 1976 motion to reform and correct the memorandum decision as a motion brought under Civil Rule 60(b) for relief from judgment.[2]

The order of December 6, 1976 denying the second motion was final and

---

1. The statements and arguments in this motion make it apparent that Ms. Lowe was referring to the decision and order signed by the trial court on October 14, 1976 and filed the following day. There is no judgment of November 15, 1976.

2. *Miller v. McManus*, 558 P.2d 891, 892 (Alaska 1977).

appealable,[3] and the appeal taken on December 29, 1976 was timely.[4] However, the only question such an appeal presents is the merits of the reconsideration. It does not bring before us for review the merits of the underlying memorandum decision and order in which the trial court determined that the amount for which Ms. Lowe could seek execution against Severance was $673.33.[5] However, from her brief on appeal, it is apparent that it is that underlying memorandum decision and order which Ms. Lowe would have us review. If we were to review that decision, it would mean that Ms. Lowe could appeal from the final judgment of October 15, 1976 on December 29, 1976— after the 30-day period for appealing had expired. We shall not permit a litigant to circumvent the rule limiting the time within which appeals may be taken by utilizing one or more motions to reconsider under Civil Rule 77(m), and thus frustrate the sound policy of having finality in litigation.[6]

 Ms. Lowe's motion of November 19, 1976 to reform and correct the decision and order signed in October 1976 was addressed to the discretion of the trial court, and the court's order of December 6 denying the motion will be reversed only if that discretion has been abused.[7] Since her motion must be considered as a Civil Rule 60(b) motion for relief from judgment, it was incumbent upon Ms. Lowe to show that justice required that she be relieved from the final order and decision for one or more of the reasons stated in Rule 60(b).[8] She has not satisfied that rule by establishing the existence of any of the reasons which would entitle her to relief from the judgment. We find no abuse of discretion on the part of the court in denying Ms. Lowe's motion, since our review of the entire record in no way leaves us with the definite and firm conviction that the Superior Court has made any mistake.[9]

The order of December 6, 1976 denying Ms. Lowe's motion to reform and correct the decision and order of October 15, 1976 is affirmed.

ERWIN, J., not participating.

---

3. *Id.*

4. Appellate Rule 7(a)(1) provides in part:
   The time within which an appeal may be taken to the supreme court is 30 days from the entry of the judgment appealed from.

5. *Miller v. McManus*, 558 P.2d 891, 892 (Alaska 1977).

6. *Brown v. State*, 563 P.2d 275, at 278 (Alaska 1977). *See also Wellmix, Inc. v. City of Anchorage*, 471 P.2d 408, 411 (Alaska 1970).

7. *Miller v. McManus*, 558 P.2d 891, 892 (Alaska 1977).

8. Civil Rule 60(b) provides in relevant part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise or excusable neglect;
   (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
   (6) any other reason justifying relief from the operation of the judgment.

9. *Brown v. State*, 563 P.2d 275, at 279 (Alaska, 1977); *Corso v. Commissioner of Education*, 563 P.2d 246, at 248 (Alaska 1977).