Oris O. ANDERSON and Aiko K. Anderson, husband and wife, Appellants,

v.

STATE of Alaska, DEPARTMENT OF HIGHWAYS, Appellee.

STATE of Alaska, DEPARTMENT OF HIGHWAYS, Cross-Appellant,

v.

Oris O. ANDERSON and Aiko K. Anderson, husband and wife, Cross-Appellees.

Nos. 3439, 3481.

Supreme Court of Alaska.

Sept. 15, 1978.

Ernest Z. Rehbock and Robert A. Rehbock, Anchorage, for appellants and cross-appellees.

Abigail G. Dodge, Asst. Atty. Gen., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellees and cross-appellants.

OPINION

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

RABINOWITZ, Justice.

This appeal arises out of the superior court's grant of summary judgment for the state in the Andersons' action to set aside a prior judgment of the superior court which declared the width of the state's existing right-of-way as 50 feet from the center line

of Muldoon Road.[1] The state cross-appeals from the superior court's denial of attorney's fees.

The relevant factual background is as follows. The Andersons own a parcel of land which was originally leased and subsequently conveyed to their predecessor pursuant to the Small Tract Act, 43 U.S.C.A. §§ 682a–682e (repealed 1976) and Small Tract Classification No. 11. Personnel from the Department of Highways contacted Anderson in February 1975 and offered him $17,550 for the 17-foot strip of land bordering Muldoon Road. Anderson did not accept the offer. The state later served upon the Andersons a "Notice of Filing Complaint" and a "Complaint for Condemnation." The "Notice" contained the following first paragraph:

Take notice that a complaint has been filed in the Superior Court, Third Judicial District, Anchorage, Alaska, copy attached, to fix the width of the State's existing right-of-way comprising Muldoon Road, Anchorage, Alaska, at 100 feet, 50 feet each side of the center line thereof abutting the property described below, or in the alternative and if determined by the Court to be less than 50 feet from center line abutting the property described below, to condemn for public use a permanent easement 50 feet wide each side of center line thereof for highway purposes . . . .[2]

The "Complaint for Condemnation" declared that the State of Alaska "is the undisputed, lawful owner and holder of a permanent highway easement comprising the right-of-way for Muldoon Road" and that the existing right-of-way abutting the

Andersons' property extends 50 feet from the center line of Muldoon Road. The "Complaint" continued:

This is an action by the State of Alaska to fix the width of the existing right-of-way for Muldoon Road, Anchorage, Alaska, at 100 feet, 50 feet along each side of the center line thereof, or if determined by the Court to be less than 50 feet wide each side of the center line, for taking private property under the power of eminent domain for public use and awarding just compensation to the parties in interest. This action is instituted by the State to avoid possible conflict with the legislative mandate in AS 34.60.120(8) because the whereabouts is not known of the records definitively showing the right-of-way width prior to original construction of the road by the United States.

Counsel for the Andersons entered their appearance of record on November 21, 1975; neither the Andersons nor their attorney appeared at the hearing in the superior court on December 2, 1975. Accordingly, the hearing was rescheduled for December 29, 1975, and a second notice of hearing was sent to the Andersons and their counsel. Again, neither the Andersons nor their attorney appeared at the December 29 proceedings. On this date the superior court conducted a hearing and concluded that Public Land Order 601 had established Muldoon Road as a local road with a 100 foot right-of-way prior to acquisition of vested rights by the Andersons' predecessor. The superior court further determined that the right-of-way owned by the state extended 50 feet from the center line of the road, and judgment was entered for the state in Civil Action No. 75–7660C.

---

1. The superior court's declaratory judgment effectively precluded the Andersons from obtaining compensation from the state in connection with the widening of Muldoon Road which borders their property.

2. The "Notice" also stated:

If you wish to object to the State's claim of 50 feet of existing right-of-way each side of the center line of Muldoon Road or if you otherwise object to the alternative taking of property in which you claim an interest, you are required to do so by serving an answer

on plaintiff's attorney within twenty (20) days after the service of this notice. Failure to serve an answer constitutes a consent to the taking and the authority of the Court to proceed to hear the action. The Court will conduct a hearing to determine the width of the existing right-of-way and public use of the alternative taking of the property on the 2nd day of December, 1975, at the hour of 9:00 o'clock a. m., in Courtroom "C," State Court House Building, 303 "K" Street, Anchorage, Alaska.

Subsequently, the Andersons filed their "Complaint for Relief from Judgment" (Civil Action No. 76–7221), alleging that the prior judgment should be set aside because of jurisdictional defects, improper pleading and fraud allegedly perpetrated by the state. The Andersons also sought to reopen the merits of Civil Action No. 75–7660C. The superior court denied the Andersons' motion for summary judgment, granted summary judgment in favor of the state but denied the state's motion for attorney's fees.[3]

In this appeal, the Andersons argue that the superior court lacked jurisdiction to enter declaratory relief against them because no summons was served as required by Civil Rule 4(d). They contend that the "Complaint for Condemnation" was adequate only for a condemnation proceeding with its more restricted scope of inquiry; accordingly, the absence of a proper summons makes the superior court's judgment in Civil Action No. 75–7660C void. The Andersons also argue that their counsel's filing of an appearance does not waive any jurisdictional defect.

In addition, the Andersons contend that the superior court's judgment in Civil Action No. 75–7660C should have been set aside under Civil Rule 60(b)(1), (3) or (6)

because the state had committed fraud or deception through the conduct of its right-of-way agents combined with the misleading caption of the complaint, the absence of a citation to *State, Department of Highways v. Crosby*, 410 P.2d 724 (Alaska 1966), and the failure to comply with Civil Rule 55.[4] The state argues that disposition of the Andersons' Rule 60(b) contentions made unnecessary the superior court's consideration of the inverse condemnation question because the prior declaratory judgment was res judicata with respect to the state's 50 foot right-of-way.[5]

 The appeal in the case at bar does not arise directly from denial of a Civil Rule 60(b) motion. Instead, the Andersons filed an independent action which alleges jurisdictional flaws, fraud and Rule 60(b) matters. Rule 60(b) expressly provides in part, that:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court.

This saving clause preserves the trial court's power to entertain an independent action in equity to obtain relief from a

---

3. In its memorandum of decision, the superior court rejected the Andersons' assertion that jurisdiction was defective in No. 75–7660C because no summons had been served pursuant to Civil Rule 4(d). The court ruled that the "Notice of Filing Complaint" contained all the information required in a summons and that the Andersons were given adequate notice of the state's claim. The court further found no fraud or misrepresentation by the state and agreed with the prior determination on the merits of the right-of-way issue:

I find that Plaintiffs would not be entitled to summary judgment even if the judgment in No. 75–7660 was to be set aside. Since Plaintiffs are not entitled to relief from judgment, the issues raised as to inverse condemnation are res judicata and the State of Alaska is entitled to summary judgment.

4. The Andersons also seek to reopen the merits of Civil Action No. 75–7660C and offer a variety of arguments addressed to the existence and validity of rights-of-way in relation to parcels conveyed under Small Tract Classification No. 11.

In addition to contesting the issues raised by appellants, the state argues that the Andersons' complaint should be viewed as a motion under Civil Rule 60(b) and that such a claim does not involve "important public questions" within the meaning of *Girves v. Kenai Peninsula Borough*, 536 P.2d 1221 (Alaska 1975). Accordingly, the state asserts that it was error to deny attorney's fees to the state.

5. The superior court's memorandum of decision reflects a similar position:

[T]he state correctly points out that Plaintiffs' claims for declaratory judgment and inverse condemnation will be barred as res judicata unless the judgment entered in Case No. 75–7660 is set aside.

However, despite its rejection of the Andersons' arguments pertaining to jurisdictional defects, fraud and misrepresentation, the superior court went on to consider and rule against the Andersons on the merits of the inverse condemnation claim.

judgment. This independent action is available "only under unusual and exceptional circumstances" and is not intended to permit relitigation of issues finally determined in another action between the same parties.[6] In our view, the availability of such an independent action in the case at bar depends on the existence of facts demonstrating "fraud" on the part of the state.[7] Accordingly, whether the Andersons' complaint is viewed as a Civil Rule 60(b)(3) motion or as an independent action in equity, the availability of relief is dependent upon the same factors.[8] It follows that the primary questions raised by the Andersons' specifications of error are whether the record demonstrates fraud for the purposes of either Civil Rule 60(b)(3) or an independent action, and whether the original declaratory judgment was void for lack of jurisdiction.[9] The merits of the superior court's declaratory judgment in Civil Action No. 75–7660C are not properly before us in this appeal.[10] This court has emphasized that a Rule 60(b) motion is not a substitute for the usual appellate mechanism.[11]

■ We turn first to the question of fraud. The Alaska cases relied upon by the Andersons [12] offer little support for their contention that the state's conduct amounted to fraud. The only specific misconduct or misrepresentations suggested by the Andersons are the inaccurate caption on the complaint and the use of the "Notice" instead of a summons; the failure to give a notice of default as required by Civil Rule 55; and "indoctrination" by state right-of-

6. 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2868, at 239 (1973). As Professors Wright and Miller explain:

> The requirements of established doctrine for the independent action in equity were succinctly summarized by the Eighth Circuit long before the adoption of the Civil Rules: The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2868, at 238 (1973), *quoting National Sur. Co. of New York v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir. 1903).

7. The other two bases for relief preserved by Rule 60(b) are not at issue. Personal service is not questioned, although the Andersons do attack jurisdiction based upon the inadequacy of the documents served. The facts in the case at bar do not constitute fraud on the court. *See Livingston v. Livingston*, 572 P.2d 79 (Alaska 1977); *Allen v. Bussell*, 558 P.2d 496, 500 (Alaska 1976); 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2870 (1973). *See generally Mallonee v. Grow*, 502 P.2d 432 (Alaska 1972).

8. Civil Rule 60(b)(3) permits relief from a final judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

9. In addition to these possible bases for granting relief, Rule 60(b)(1) may suggest an alternative based on "mistake, inadvertence, surprise or excusable neglect." However, where the trial court has made a mistake of law, relief is normally not permitted unless the Rule 60(b) motion has been made within the time for appeal. *See Alaska Truck Transport, Inc. v. Berman Packing Co.*, 469 P.2d 697, 699–700 (Alaska 1970). As Professors Wright and Miller observe:

> The easiest group of cases is those in which the error involved a fundamental misconception of law and the motion was not made until after the time for appeal had run. Here, with one exception that may be regarded as a fluke, relief is denied. (footnotes omitted)

11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2858, at 178 (1973).

10. *Lowe v. Severance*, 564 P.2d 1222, 1223 (Alaska 1977); *Miller v. McManus*, 558 P.2d 891, 892 (Alaska 1977); *Wellmix, Inc. v. City of Anchorage*, 471 P.2d 408, 411 (Alaska 1977).

11. *Compare Alaska Truck Transport, Inc. v. Berman Packing Co.*, 469 P.2d 697, 699 (Alaska 1970), *with Alaska Placer Co. v. Lee*, 502 P.2d 128, 131 (Alaska 1972).

> Although Rule 60(b) is broad enough to encompass the case in which error of law resulted from mistake, inadvertence or excusable neglect, Rule 60(b) motions based upon errors of law must be brought within the time for taking an appeal. *Alaska Truck Transport, Inc. v. Berman Packing Co.*, 469 P.2d 697, 699–700 (Alaska 1970). *See Pearson v. Bachner*, 503 P.2d 1401, 1402 (Alaska 1972).

12. *Allen v. Bussell*, 558 P.2d 496 (Alaska 1976); *Mallonee v. Grow*, 502 P.2d 432 (Alaska 1972).

way agents that compensation would follow taking.

The state correctly notes that no default was entered in this case; accordingly, Civil Rule 55(c)(1) does not apply.[13] None of the materials submitted by appellants demonstrates any misleading content in the communications between the state and the Andersons—except to the extent that they reinforced the erroneous caption of the complaint. In our opinion, the Andersons failed to demonstrate that the complaint and notice were so misleading, in the entire factual context of the case, that they could properly be viewed as "fraud . . ., misrepresentation, or other misconduct."[14]

In regard to the question of notice, we think it relevant that in *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352 (Alaska 1974), it was held that a summons served upon defendant debtors was constitutionally defective when the Alaska Constitution's due process clause was applied "to the unique relation between bush and metropolitan areas in Alaska."[15] In that case, we observed that "deprivation of life, liberty or property by adjudication [must] be preceded by notice and opportunity for hearing appropriate to the nature of the case."[16] There we also adopted the following standard:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information . . .[17]

*Aguchak* is readily distinguishable on its facts.

■ The Notice of Complaint served in the case at bar contained each of the elements required by Civil Rule 4(b). In fact, the Notice actually contained more information than would have been required by Rule 4(b).[18] Courts have frequently explained that the purpose of serving a summons is to provide the defendant with notice of the proceeding against him.[19] Al-

---

13. Civil Rule 55(c)(1) provides:
 *Judgment by the Court.*
 In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.
 Here the state did not apply for a default judgment; no default judgment was entered by the superior court; an evidentiary hearing was conducted at which testimony and documents were presented; and the superior court made findings of fact and conclusions of law. *See Hill v. Vetter*, 525 P.2d 529, 531 (Alaska 1974),

where we recognized that failure of a party to appear does not necessarily convert the judgment into a default judgment.

14. Civil Rule 60(b)(3).

15. *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352, 1356 (Alaska 1974). The court also looked to the manner in which the similar federal due process provision had been interpreted.

16. *Id., quoting* from *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865, 873 (1950).

17. *Id., quoting* 339 U.S. at 314–15, 70 S.Ct. at 657, 94 L.Ed. at 873.

18. In general, inclusion of additional information will not invalidate a summons—as long as the required data is set forth. 4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1087, at 345 (1969).

19. *See, e. g., Grooms v. Greyhound Corp.*, 287 F.2d 95, 97–98 (6th Cir. 1961) ("The purpose of the summons is to give notice to the defendant that it has been sued." Defendant was served under Ohio procedures prior to removal to fed-

though relevant federal cases are not numerous,[20] there is authority for upholding *in personam* jurisdiction where the documents served give the defendant adequate notice—even where the summons contained errors.[21]

As to the significance of the complaint's caption, Professors Wright and Miller offer the following:

Although helpful to the court, the caption usually is not considered a part of the pleader's statement of claim or response and is not determinative as to the parties to the action or the court's jurisdiction.[22] (footnotes omitted)

Numerous courts—construing a variety of pleading rules—have concluded that the content of a pleading, rather than its title or caption, determines its character.[23]

Application of these principles to the record in the instant case has led us to the conclusion that the notice and complaint substantially complied with the requirements of Civil Rule 4(b). We thus conclude that the Andersons have failed to persuade us that the superior court erred in rejecting their jurisdictional attack on the underlying declaratory judgment.[24] Since we have determined that the superior court did not abuse its discretion in denying the Ander-

---

eral court.) *Mutzig v. Hope*, 176 Or. 368, 158 P.2d 110 (1945); *Codd v. Westchester Fire Ins. Co.*, 14 Wash.2d 600, 128 P.2d 968, 970 (1942).

**20.** As Professors Wright and Miller explain with respect to the federal rule identical to Alaska's Civil Rule 4:

[Rule 4] was designed to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of the commencement of the action and to eliminate unnecessary technicality in connection with service of process. (footnote omitted)

4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1061, at 198 (1969).

Wright and Miller also suggest that technical flaws in the form of summons usually do not undercut the validity of service of process if the errors are not misleading or prejudicial to the recipient:

As long as the summons is sufficiently accurate to provide proper notice, amendment probably will be allowed and the error deemed harmless.

*Id.* § 1088, at 347 (1969). *Accord,* 2 Moore's Federal Practice ¶ 4.44 (2d ed. 1978).

**21.** In *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) (service under California procedure prior to removal to federal court), the Ninth Circuit explained that service of process would be upheld even where certain defects in the summons existed:

The purpose of process is to give the addressee notice of the proceeding against him. Thus service of process (in the absence of a voluntary appearance or a conscious waiver) is an indispensable prerequisite to the court's jurisdiction to proceed. . . . [Where a defendant has been served prior to removal to federal court but the summons contains some formal defect on its face] the defendant, having been served, has been put on notice of the pending action. Consequently, the existence of an irregularity on the face of the summons . . . does not necessarily deprive the state court of jurisdiction.

In *Backo v. Local 281, United Bros. of Carpenters & Joiners*, 438 F.2d 176, 180 (2d Cir. 1970), *cert. denied*, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971), the court approved establishment of *in personam* jurisdiction by serving a temporary restraining order with the complaint.

**22.** 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1321, at 458–59 (1969). *See Booker v. State*, 380 F.2d 240, 242 (8th Cir. 1967); *Sikora v. Brenner*, 126 U.S.App.D.C. 357, 359–60, 379 F.2d 134, 136–37 (1967).

**23.** *See, e. g., Zumwalt v. Hargrave*, 71 Cal. App.2d 415, 162 P.2d 957 (1945); *McDowell v. Geokan*, 73 Idaho 430, 252 P.2d 1056 (1953); *Pratt v. Barnard*, 159 Kan. 255, 154 P.2d 133 (1944); *Boose v. Hanlin*, 346 P.2d 932 (Okl. 1959).

**24.** In *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352, 1354 (Alaska 1974), we summarized the standard of review to be applied where the appellant argues that denial of the motion was improper because the underlying judgment was void:

A judgment is void and subject to attack under F.R.Civ.P. 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant, or if it acted in a manner inconsistent with due process of law. Although under other subsections of Rule 60(b) the movant must show that denial of the motion below was an abuse of discretion in order to prevail on appeal, no question of the lower court's discretion is presented by a Rule 60(b)(4) motion because the validity of a judgment is strictly a question of law. Nor need the movant show that he could present a meritorious defense in a subsequent proceeding, again because a void judgment is entitled to no respect whatever. The Aguchaks have the burden of demonstrating want of jurisdiction or a denial of due process. (footnotes omitted)

sons' Civil Rule 60(b) motion, we affirm the superior court's grant of summary judgment to the state.[25]

As was indicated earlier, the superior court denied the state's motion for attorney's fees in conjunction with its grant of summary judgment. In its cross-appeal, the state argues that the litigation from which the appeal was taken by the Andersons involved no questions of genuine public interest. Given the absence of genuine public interest questions, the state asserts that the superior court's denial of attorney's fees was "manifestly unreasonable."

In its memorandum decision, the superior court rejected the Andersons' attack on the superior court's jurisdiction in the declaratory judgment action and also rejected the Andersons' fraud contentions. The superior court noted that such determinations made unnecessary a reconsideration of the merits in Civil Action No. 75-7660C:

For the reasons stated above I find that Plaintiffs would not be entitled to summary judgment even if the judgment in No. 75-7660 was to be set aside. Since Plaintiffs are not entitled to relief from judgment, the issues raised as to inverse condemnation are res judicata and the State of Alaska is entitled to summary judgment.[26]

The standard of. review for attorney's fees awards "is limited to determining whether the trial court has exceeded the bounds of wide discretion vested in it."[27] We "will only overturn an award if it is manifestly unreasonable."[28]

■ On the basis of our study of the record, we are unable to determine the reasons for the superior court's denial of any award of attorney's fees to the state. The state was the prevailing party in this suit by the Andersons to set aside the prior judgment of the superior court.[29] Thus, we

---

**25.** *See Lowe v. Severance,* 564 P.2d 1222, 1224 (Alaska 1977); *Miller v. McManus,* 558 P.2d 891, 892 (Alaska 1977); An abuse of discretion may be found where review of the entire record leaves this court with a definite and firm conviction that the superior court has made a mistake. *Lowe v. Severance,* 564 P.2d at 1224; *Corso v. Commissioner of Education,* 563 P.2d 246, 248 (Alaska 1977); *Alaska Placer Co. v. Lee,* 502 P.2d 128, 132 (Alaska 1972); *Gravel v. Alaska Village, Inc.,* 423 P.2d 273, 277 (Alaska 1967).

The Andersons have also urged application of equitable principles in order to relieve them from the judgment in Civil Action No. 75-7660C. However, this court has stated its reluctance to circumvent the res judicata effects of otherwise valid judgments. Recently, in *Engebreth v. Moore,* 567 P.2d 305, 307 (Alaska 1977), we rejected an appeal from dismissal of the appellants' independent action initiated after they had failed to prevail on their probate claim:

Here, we are presented with a situation in which the same parties have again and again attempted to reopen a matter that has been resolved by a court of competent jurisdiction. The [appellants] were afforded a full and fair opportunity to present their contentions to the superior court . . . on [the] motion for distribution of the estate. Declining to exercise their right to appeal from that decision to this court, instead they have taxed the resources of both the federal courts and our courts and have burdened [appellee] with the need to defend in each instance. The doc-

trine of res judicata was intended to prevent precisely this situation.

**26.** THe superior court's memorandum of decision evaluated both the Andersons' attack on the judgment in the prior action and the merits of the inverse condemnation claim. On the merits, the superior court explained:

Contrary to the Plaintiffs' contentions, I find that the mere classification of the subject property for small tract sales did not exempt it from the application of the right-of-way imposed by Public Land Order 601.

. . . . .

I find, as Judge Ripley did, that Plaintiffs' predecessor did not acquire a vested interest as against the federal government prior to the date the purchase price was paid.

**27.** *Girves v. Kenai Peninsula Borough,* 536 P.2d 1221, 1227 (Alaska 1975) (footnote omitted).

**28.** *Id.* (footnote omitted).

**29.** In *Girves v. Kenai Peninsula Borough,* 536 P.2d 1221 (Alaska 1975), this court held that the trial court erred in awarding attorney's fees against the losing plaintiff, even though the award otherwise would be well within the confines of Civil Rule 82:

But we are impressed with certain distinct aspects of this case which render it, in our opinion, unfair to impose attorney's fees upon appellant. This case concerns the implied powers of borough governments, as well as interpretations of public laws relating

have determined that this aspect of the appeal and cross-appeal is to be remanded to the superior court for the purposes of affording the trial court the opportunity of setting forth its reasons for not awarding attorney's fees to the state.

Affirmed in part, Remanded in part.

to rights-of-way. Appellant relied upon a 1962 Attorney General's opinion in support of her legal contentions although, as we have mentioned, that opinion was negated by a later one in 1969.

We think that appellant, faced with these conflicting opinions, properly pursued her claims. In so doing, she litigated several important public questions. She should not be penalized for having done this.

In other cases we have upheld attorney's fees awards, particularly when the public interest is merely tangential. *See Munroe v. City Council for City of Anchorage*, 545 P.2d 165, 171–72 (Alaska 1976); *Juneau Educ. Ass'n v. City & Borough of Juneau*, 539 P.2d 704, 708 (Alaska 1975); *Mobil Oil Corp. v. Local Boundary Comm'n*, 518 P.2d 92, 104 (Alaska 1974); *Jefferson v. City of Anchorage*, 513 P.2d 1099, 1102 (Alaska 1973).