668 P.2d 1351 (1983)
J.C., Appellant,
v.
M.L.C., Appellee.
No. 7166.
Supreme Court of Alaska.
September 9, 1983.
*1352 Melvin M. Stephens, II, Hartig, Rhodes, Norman, Mahoney & Edwards, Kodiak, for appellant.
Dennis L. Nelson, Sterbick-Nelson & Nelson, Kodiak, for appellee.
Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

OPINION
MATTHEWS, Justice.
J.C. and M.L.C. filed a petition for dissolution of their marriage on July 11, 1978. The sworn petition stated that one child had been born of the marriage, M.A.C., born July 17, 1977, and provided that custody of M.A.C. would be awarded to M.L.C. subject to reasonable visitation rights of J.C. The agreement provided that J.C. was to pay child support to M.L.C. for M.A.C. of $200.00 per month. J.C. then filed an appearance and waiver and on August 11, 1978, a decree of dissolution incorporating by reference the provisions of the petition regarding custody and child support was entered.
On November 30, 1979, J.C. moved to modify the decree of dissolution, seeking deletion of his obligation to pay child support. The motion was made pursuant to Civil Rule 60(b). J.C. claimed that he was not the father of the child, that M.L.C. was not the mother and that he agreed to representations to the contrary in the petition because of M.L.C.'s threats to, among other things, report him to the Internal Revenue Service for tax evasion if he did not agree. J.C.'s motion set forth that he is a Filipino with a very limited understanding of English; and that the child is the child of M.L.C.'s daughter by a previous marriage, T.F., and of a father unknown to J.C. In response M.L.C. admitted that she was not the mother of the child and that T.F. was. She claimed, however, that J.C. was the father of the child and had urged her to hold herself out as the mother by various means, including wearing maternity dresses prior to its birth. T.F., according to M.L.C., gave the child to M.L.C. and J.C. shortly after it was born, and the parties treated it in all respects as though it were a child of their marriage.
After some discovery and various motions, the court entered an order stating:
Petitioner, having committed perjury with regard to paternity of the alleged child, and Respondent, having perjured herself with regard to maternity of said child, are both estopped from denying parentage.
The Court, therefore, denies Petitioner's Motion to Modify Decree... .
From this order J.C. has appealed.
His first point is that the court erred in ruling that he was estopped from denying paternity. His claim is essentially one of duress. He argues that he was forced by M.L.C.'s threats to agree that the child was his. His claim thus falls within Civil Rule 60(b)(3) under which a party may obtain relief from a final judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party... ." However, a motion under that provision must be made within a reasonable time not more than one year after the judgment. J.C.'s motion was, therefore, made too late and could not have been considered by the superior court. See Larson v. Larson, 661 P.2d 626, 628-29 (Alaska 1983).
This does not mean that an independent collateral action for relief from the judgment would be barred. Civil Rule 60(b) is not the exclusive method by which relief from a judgment may be sought. 7 J. Moore & J. Lucas, Moore's Federal Practice ¶¶ 60.1[1], 60.12, 60.37[1] (2d ed. 1982). An independent action for duress may be maintained where it is alleged that duress has forced an agreement which has led to an adverse judgment. Griffith v. Bank of New York, 147 F.2d 899, 901-02 (2nd Cir.), cert. denied, 325 U.S. 874, 65 S.Ct. 1414, 89 *1353 L.Ed. 1992 (1945).[1] However, such an action must be maintained independently and cannot be brought as a Rule 60(b) proceeding.
J.C.'s second point on appeal is that the trial court lacks subject matter jurisdiction to enter an order relating to the custody and support of the child. This argument is founded on the statutory language of AS 09.55.231[2] and .234[3] that custody and support agreements are referable to a child, or children, "of the marriage."
Since the parties are residents of the State of Alaska and the superior court is competent to render judgment concerning child custody and support, the superior court did not lack subject matter jurisdiction. Restatement of the Law of Judgments §§ 5, 7 (1942). In other jurisdictions a husband's support obligation is also regarded as extending only to children of the marriage; nonetheless, a mistake in the determination of paternity is not regarded as jurisdictional error. See H. Clark, The Law of Domestic Relations in the United States § 15.1, at 492-93 (1968).[4]
Moreover, the petition can be interpreted as an agreement to support the child regardless of its paternity. We know of no reason why the superior court would lack authority to enforce such an agreement. Of course, such an agreement, and the judgment resulting therefrom, may be set aside for duress if grounds exist. See n. 1 supra. However, for the reasons previously explained, this can only be done in an independent proceeding.
The judgment is AFFIRMED.
RABINOWITZ, Justice, concurring in part and dissenting in part.
I agree with the majority's conclusion that the superior court did not lack subject-matter jurisdiction over this proceeding. However, I disagree with the court's holding that J.C.'s motion to modify the dissolution decree to delete his obligation to pay child support was untimely. Although J.C.'s motion was indeed filed more than one year after the judgment was entered, and therefore relief under Rule 60(b)(3) was properly denied, the superior court should have treated the motion as an independent action. In this regard I disagree with the majority that the independent action must be maintained in a separate proceeding. Providing M.L.C. is not prejudiced by a decision to address the Rule 60(b) motion as if it had been brought as an independent *1354 action, the superior court should proceed in that manner.[1]
We set out the requirements for maintenance of an independent action in Anderson v. State, Dept. of Highways, 584 P.2d 537 (Alaska 1978). It is available "only under unusual and exceptional circumstances" and the indispensable elements of such an action are as follows:
(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2868, at 238 (1973), quoting National Sur. Co. of New York v. State Bank of Humboldt, 120 F. 593, 599 (8th Cir.1903).
584 P.2d at 540 n. 6. I am persuaded by the record before the court that J.C. could successfully argue that these prerequisites had been satisfied. Therefore, I would remand the case to the superior court for a determination of whether M.L.C. would be unduly prejudiced by a "conversion" of the 60(b) motion into an independent action and, then, if appropriate, for an entry of findings on the question of whether J.C.'s action satisfies the Anderson criteria.
NOTES
[1] See Restatement of the Law of Judgments § 121 (1942) which provides:

Subject to general equitable considerations ..., equitable relief from a valid judgment will be granted to a party to the action injured thereby if the judgment was based upon a fraudulent claim or defense which he did not contest because he was
(a) fraudulently misled by the other party to the action to believe that he had no claim or defense, or
(b) prevented by duress from contesting it.
[2] AS 09.55.231(a) provides in part:

A husband and wife together may petition the superior court for the dissolution of their marriage under AS 09.55.231-09.55.237 if the following conditions exist at the time of filing the petition:
... .
(2) if there are minor children of the marriage or the wife is pregnant, the spouses have agreed on which spouse or third party shall be awarded custody of each minor child of the marriage... .
[3] AS 09.55.234(a) provides in part:

If the petition is brought by one or both spouses under AS 09.55.231(a), the court may grant the spouses a final decree of dissolution and shall provide the other relief as provided in this section if the court, upon consideration of the information contained in the petition and the testimony of the spouse or spouses at the hearing, finds that
... .
(2) the agreements between the spouses concerning child custody, child support ... are in the best interests of the children of the marriage, if any. .. .
[4] This rule applies to uncontested as well as to contested matters. See H. Clark, Domestic Relations § 15.1, at 493-94.
[1] See Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 n. 7 (5th Cir.), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970), where the court said: "Where the adverse party is not prejudiced an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action." See also 7 J. Moore & J. Lucas, Moore's Federal Practice, ¶¶ 60.38[3], 60.42 (2d ed. 1982); 11 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2868 at 244 (1973) (party not bound by the label he puts on his papers; motion may be treated as independent action or vice versa as appropriate).