Robert J. BAUMAN and Judy
A. Bauman, Appellants,

v.

Helen B. DAY as Personal Representative of the Estate of James R. Day, and Helen B. Day, Appellees.

No. S–7587.

Supreme Court of Alaska.

July 25, 1997.

Rehearing Denied Sept. 8, 1997.

---

William R. Satterberg, Jr., Law Offices of William R. Satterberg, Jr., and Robert John, Law Office of Robert John, Fairbanks, for Appellants.

Zane D. Wilson, Cook Schuhmann & Groseclose, Fairbanks, for Appellees.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH, and FABE, JJ.

*OPINION*

COMPTON, Chief Justice.

## I. *INTRODUCTION*

On remand from this court, the Baumans filed a motion to amend their complaint and requested a jury trial. The superior court denied the motion and the request. The Baumans again appeal. We conclude that the superior court abused its discretion in denying the Baumans' motion to amend their complaint; therefore, we reverse the judgment of the superior court. Because we conclude the superior court erred in denying the motion to amend, we also reverse the denial of the request for a jury trial.

## II. *FACTS AND PROCEEDINGS*

The facts of the underlying dispute are set forth in our opinion in *Bauman v. Day*, 892 P.2d 817 (Alaska 1995) (*Bauman I*). Briefly, the dispute concerns land the Days sold the Baumans in 1984. *Id.* at 820. In 1988, the Baumans discovered the land was laden with permafrost. *Id.* The Baumans allege that Mr. Day verbally guaranteed the land was free of permafrost. *Id.*

In the first proceeding, the superior court ruled that the statute of limitations on the contract claim had run because the Baumans filed suit in 1992, more than six years after the sale. *Id.* at 822. The court also denied a motion by the Baumans to amend their complaint a second time, which they had filed as part of a Civil Rule 60(b) post-judgment motion. *Id.*

In *Bauman I*, we held the contract claim was not barred, because the statute of limitations did not begin to run until the Baumans discovered the permafrost in 1988. *Id.* at 827. However, we affirmed the superior court's denial of the Baumans' motion to amend their complaint, which was included in their combined Civil Rule 60(b) post-judgment motion. *Id.* at 830. The Baumans filed a petition for rehearing. The petition was granted on one point, but the Baumans' request for reconsideration of the decision on the motion to amend was denied.

On remand, the Baumans again filed a motion to amend their complaint, which the superior court denied. The Baumans appeal.

## III. DISCUSSION

### A. Standard of Review

■ The superior court's decision to allow a party to amend a complaint is reviewed for abuse of discretion. *Betz v. Chena Hot Springs Group,* 742 P.2d 1346, 1348 (Alaska 1987).

### B. The Superior Court Should Have Allowed the Baumans' Motion to File a Second Amended Complaint.

The Baumans' first amended complaint specifically alleges breach of contract. However, it fails to ask for relief for that claim. The Baumans now seek to amend their complaint to include a request for damages caused by the alleged breach.

■ We have adopted a liberal policy for amending pleadings under Alaska Civil Rule 15(a). Alaska Civil Rule 15(a) states in part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

(Emphasis added.)

■ Alaska Civil Rule 15(a) is identical to Federal Rule of Civil Procedure 15(a). The federal rule has been interpreted by the United States Supreme Court as follows:

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted). We expressly adopted this interpretation of Rule 15. *See, e.g., Siemion v. Rumfelt,* 825 P.2d 896, 898 (Alaska 1992).

■■ When the superior court denied the second motion to amend in the first proceeding, it already had determined that the statute of limitations had run.[1] Given this posture of the case, it is understandable that the court would then deny the Baumans' second motion to amend their complaint. After the first appeal, however, the posture of the case had changed, as the Baumans' breach of contract claim had been revived. The reasoning supporting the court's initial denial of the motion no longer applied.

■ The superior court's initial consideration of the Baumans' second motion to amend does not provide a basis for barring their renewed attempt to amend their complaint after remand. The Baumans did not engage in "undue delay" and their behavior did not stem from "bad faith" or "dilatory motive." Their previous attempt to amend, after the superior court determined the statute of limitation had run, cannot be characterized as "repeated failure to cure deficiencies." Because the Baumans' contract claim had been revived as a result of *Bauman I,* the second attempt to amend the complaint was no longer futile. Furthermore, the Days will not be prejudiced in their defense of the breach of contract claim that has been alleged since the beginning of this case. *See Estate of Thompson v. Mercedes–Benz, Inc.,*

---

1. The Days argue that the renewed motion to amend the complaint a second time is barred by "law of the case." The doctrine of law of the case requires a lower court to follow an appellate court's prior decision and prohibits reconsideration of issues which have been adjudicated in an appeal of the case. *Mogg v. National Bank of Alaska,* 846 P.2d 806, 810 (Alaska 1993). The Baumans' motion to amend, filed after their contract claim had been revived, is not barred by

law of the case. During the first proceeding, the Baumans' motion to amend would have been futile, given the ruling on the statute of limitations. That decision by the superior court and our consideration of it in *Bauman I* does not render the Baumans' current motion for amendment an "issue[] which ha[s] been adjudicated in a previous appeal in the same case." *Wolff v. Arctic Bowl, Inc.,* 560 P.2d 758, 763 (Alaska 1977).

514 P.2d 1269, 1271 (Alaska 1973) (appellant should have been permitted to amend absent any showing that amendment would prejudice opposing party). In short, there are no circumstances requiring an exception to the general rule that leave to amend should be freely granted.

The superior court abused its discretion when it denied the Baumans' motion to amend their complaint following remand from this court. The Baumans should have been allowed to amend their complaint in order to pursue their breach of contract claim.

### C. *Motion for a Jury Trial*

There is no dispute that the Baumans made a timely request for a jury trial. However, without an amended complaint, the Baumans would have no right to a jury trial, since there would be nothing to be tried. When the superior court denied their motion to amend the complaint, it denied the Baumans' request for a jury trial, as a matter of course. Because we determine that the superior court incorrectly denied the second amended complaint, we also hold that the court incorrectly denied the request for a jury trial. The Days concede as much. The Baumans are entitled to a jury trial on their second amended complaint.

### IV. *CONCLUSION*

The judgment of the superior court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.