**Michael A. DEWEY, Appellant,**

v.

**Helen K. DEWEY (Roberts), Appellee.**

No. S–7621.

Supreme Court of Alaska.

Jan. 15, 1999.

See also 886 P.2d 623.

Fred W. Triem, Petersburg, for Appellant.

William W. Whitaker, Winegarden & Whitaker, Kodiak, for Appellee.

Before MATTHEWS, C.J., COMPTON, EASTAUGH, FABE, and BRYNER, JJ.

## OPINION

MATTHEWS, Chief Justice.

### I. INTRODUCTION

Michael Dewey stipulated that his stepdaughter, Tisha Melovidov, was a child "of the marriage" in dissolution proceedings and agreed to pay child support for Tisha and his son Robert. Ten years later, the superior court increased the monthly support amount in accordance with the Civil Rule 90.3 guidelines. Michael appeals the increase in his obligation to support Tisha, arguing that Rule 90.3 does not apply and that he is entitled to relief under contract principles. He also argues that the superior court lacked subject matter jurisdiction because Tisha was not a child "of the marriage." We affirm because we conclude that Michael's obligation may be increased pursuant to Rule 90.3 and that the superior court had subject matter jurisdiction to enter the original support award.

### II. FACTS AND PROCEEDINGS

Michael and Helen Dewey signed a dissolution petition in 1985 in which Michael agreed to pay child support for their son, Robert Dewey, and Helen's daughter, Tisha Melovidov, Michael's stepdaughter. In the petition, Michael and Helen listed Tisha and Robert as "minor children born of the marriage or adopted" by the petitioners. Michael agreed to pay $200 monthly in child support per child. The superior court entered a dissolution decree in February 1985 and a child support order in March 1985 incorporating this support obligation. The support order required payments to be made through the Child Support Enforcement Division (CSED).

In 1992 Michael sought relief from his child support obligation from this court. We held in *Dewey v. Dewey*, 886 P.2d 623, 625–26 (Alaska 1994) (*Dewey I*), that Michael's express agreement to support Tisha was enforceable as an exception to the general rule that stepparents have no duty to support a stepchild.[1] We rejected Michael's attempts at relief under Civil Rule 60(b)(1) (mistake), 60(b)(5) (no longer equitable to enforce judgment), and 60(b)(6) (extraordinary circumstances). *See id.* at 626–29. Finally, we held that Michael failed to present enough evidence to justify a reduction in his obligation pursuant to AS 25.24.170 and Civil Rule 90.3(h). *See id.* at 629–30.

In October 1994 Helen and CSED filed a motion to increase Michael's child support obligation in accordance with Civil Rule 90.3. The superior court entered an Order for Modification of Child Support in May 1995, increasing Michael's monthly support from $400 to $721 for both children. This amount was calculated using Rule 90.3. Michael moved for reconsideration in June 1995 and the superior court granted the motion, ordering a de novo review of the applicability of contract principles to the modification, the effect of subsequent children, and the necessity of an evidentiary hearing. The superior court also allowed Michael to file an opposition to Helen's motion to modify child support, including "detailed hardship affidavits," within twenty days.

Michael failed to meet this deadline and instead filed a combined opposition and motion for relief from judgment in September 1995. First, Michael argued that although *Dewey I* rejected his Rule 60(b) motions for relief, he was entitled to present additional

---

1. Justice Bryner agreed that a "knowing and voluntary agreement between divorcing parents for child support payments is enforceable on contractual grounds, regardless of the obligor parent's preexisting legal duty to pay support," but concluded that the contract was invalid because the parties had labored under a mutual mistake that Michael had a legal obligation to support Tisha. *Dewey I* at 630–32 (Bryner, J., dissenting).

evidence to "lay out an adequate proof of his claim of mistake." He also asserted that he should be relieved of his support obligation because Helen had breached the support contract and the covenant of good faith and fair dealing. Finally, Michael attempted to provide supplemental evidence for his claim that his support amount should be reduced pursuant to Rule 90.3.

Noting that Michael had confused the issues by combining his motion for relief from judgment and his opposition to the increase in child support, the superior court entered two orders. First, it entered an Order Denying Motion for Relief from Judgment in March 1996, rejecting Michael's attempts at relief under Rule 60(b)(1), (5) and (6) as untimely and foreclosed by *Dewey I*.[2] Second, the superior court entered an Order Confirming Order Modifying Child Support, also in March 1996. Emphasizing that the issue was simply "not a contract dispute," the superior court concluded that the agreement, once incorporated into the dissolution judgment, was fully modifiable.[3]

## III. STANDARD OF REVIEW

Whether Civil Rule 90.3 applies to Michael's child support obligation is a matter of law to which we apply our independent judgment. *See Taylor v. McGlothlin,* 919 P.2d 1349, 1351 n. 3 (Alaska 1996); *Miller v. Miller,* 890 P.2d 574, 576 (Alaska 1995). It is our duty "to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

We will not disturb the superior court's denial of relief under Civil Rule 60(b) absent an abuse of discretion. *See Lowe v. Lowe,* 944 P.2d 29, 31 (Alaska 1997). However, we review a challenge to the lack of subject matter jurisdiction de novo. *See B.J. v. J.D.,* 950 P.2d 113, 115 (Alaska 1997);

*Hydaburg Coop. Ass'n v. Hydaburg Fisheries,* 925 P.2d 246, 248 (Alaska 1996); *Andrews v. Alaska Operating Eng'rs–Employers Training Trust Fund,* 871 P.2d 1142, 1144 (Alaska 1994). "Although under other subsections of Rule 60(b) the movant must show that denial of the motion below was an abuse of discretion in order to prevail on appeal, no question of the lower court's discretion is presented by a Rule 60(b)(4) motion because the validity of a judgment is strictly a question of law." *Aguchak v. Montgomery Ward Co.,* 520 P.2d 1352, 1354 (Alaska 1974) (footnote omitted).

## IV. DISCUSSION

### A. The Superior Court Properly Applied Civil Rule 90.3 to Michael's Child Support Obligation.

Generally, an obligor may modify a support obligation upon a showing of a material and substantial change in circumstances. *See Curley v. Curley,* 588 P.2d 289, 291 (Alaska 1979). The adoption of the Rule 90.3 guidelines constitutes such a material change. *See* AS 25.24.170(b); *Perry v. Newkirk,* 871 P.2d 1150, 1155 (Alaska 1994). Although Rule 90.3 does not retroactively alter child support obligations, *see Taylor v. McGlothlin,* 919 P.2d 1349, 1353 (Alaska 1996), pre-Rule 90.3 child support awards are subject to modification in accordance with the guidelines. *See Richmond v. Richmond,* 779 P.2d 1211, 1217 (Alaska 1989). Similarly, child support agreements entered into between the parties prior to the enactment of Rule 90.3 may also be modified. *See Taylor,* 919 P.2d at 1353.

Michael argues that conventional modification principles do not apply to his purely contractual child support obligation because the contract was entered into in 1985, prior to the adoption of the rule in 1987. He claims that to increase his support

---

**2.** The superior court ruled that the only issue left open by *Dewey I* was the argument that the one-year time limit for a Rule 60(b)(1) motion for relief due to mistake runs with each monthly support payment. It held that Michael failed to bring this motion within a reasonable time. Michael does not appeal this ruling.

**3.** The superior court also ruled that Michael did not present sufficient evidence to justify a reduction in his child support under the "exceptional circumstances" provision of Rule 90.3(c)(1). Further, the superior court held that Michael waived his right to an evidentiary hearing by failing to request one. Michael does not challenge these rulings.

obligation in accordance with Rule 90.3 would "overturn the well established, time honored common law rule that excuses a former step-parent from having to pay child support for a former stepchild whom he has not adopted."

Helen replies that Michael has misconstrued the nature of his support obligation. She finds fault with Michael's logic that because the superior court "found a consensual basis for the *origin* of his support obligation, any modification of his support order should also be governed by principles of contracts law." She maintains that the reasoning of the superior court clearly governs this issue. We agree.

The superior court stated:

> Michael reads too much into the supreme court decision in this case. While the court relied on the voluntary nature of Michael's agreement to support Tisha, it did so in the context of a voluntary stipulation to settle a lawsuit. Once the suit is settled, and the court incorporates the settlement into an order, the normal rules for modification of a support order apply. As the *Dewey* court noted, AS 25.24.170 allows for modification of child support orders, and, under *Curley v. Curley*, "[a] child support order may be modified *notwithstanding the fact that it was based on a separation agreement or stipulation* signed by the parties." This observation by the court thoroughly undercuts Michael's arguments based on contract law in the present case.

(Citations omitted.)

▮ We view Michael's agreement to support Tisha as an undertaking to provide her with an amount necessary for her care, subject to his financial ability to pay, rather than an agreement for a specific monthly dollar amount. We reach this result by analyzing the language used by the parties in their dissolution petition in light of the governing statutes. At the time of the dissolution proceedings, the superior court was required to ensure that the "agreements between the spouses concerning ... child support ... are fair, just, and equitable as between the spouses and in the best interests of the children of the marriage[.]" AS 25.24.220(d)(2) (1983); *see also* AS 25.24.230(a)(2) (1983). Since the parties stipulated that there were minor children of the marriage, the superior court scrutinized the agreement to ensure that the award of child support was fair and in the children's best interests. The dissolution decree stated:

> The agreements between petitioners concerning ... child support ... and allocation of obligations are not grossly unfair, unjust, or inequitable and are in the best interests of the children of the marriage[.]

The child support order specified that the award was "based on annual income." Thus to allow Michael's obligation to be modified in accordance with the level of support necessary to provide for Tisha's care upholds the expectations of both parties: (1) that Tisha receive adequate support and (2) that Michael continue to pay what is appropriate consistent with his financial ability.[4]

Rule 90.3 is comprehensive in scope. The commentary states: "Rule 90.3 applies to all proceedings involving child support ... including *without limitation* actions involving ... dissolution [and] support modification...." Alaska R. Civ. P. 90.3 commentary I.C. (emphasis added); *see Eagley v. Eagley*, 849 P.2d 777, 779 (Alaska 1993) (explaining that, while not formally adopted by this court, we have relied on the commentary for guidance). We indicated in *Dewey I* that Michael could reduce his "allegedly contractual obligation" under Civil Rule 90.3(h) by demonstrating a material change in circumstances. 886 P.2d at 629–30 & n. 14. Since Michael has been entitled to decrease his support obligation in accordance with the guidelines, it follows that his obligation may also be increased.[5]

This is not to say that a person who undertakes a purely contractual agreement to pay

---

4. *Cf.* Alaska R. Civ. P. 90.3 commentary I.B. ("The primary purpose of Rule 90.3 is to ensure that child support orders are adequate to meet the needs of children, subject to the ability of parents to pay.").

5. The monthly support amount of $721 for both children calculated pursuant to the Rule 90.3 guidelines represents an 80 percent increase from the $400 prior obligation.

child support has no effective way of limiting his or her bargain. A person under no legal obligation to support a child may agree to pay a specific monthly dollar amount for the child's care. Further, if appropriate, an obligor may obtain relief under Rule 60(b). In this case, however, we are convinced that Michael did not undertake such a limited duty. Therefore, we conclude that Michael's obligation to pay support for Tisha is subject to the modification principles under Civil Rule 90.3.

### B. Michael Is Barred by the Law of the Case Doctrine from Asserting a Claim of Mistake.

■ Michael argues that he is entitled to relief because (1) the parties made a mutual mistake that he was obligated to support Tisha and (2) he made a unilateral mistake as to this duty. He fails to set forth the basis on which he relies to request relief; however, since the time for direct attack on the judgment has expired, his motion must be viewed as a request for relief pursuant to Rule 60(b).[6] See O'Link v. O'Link, 632 P.2d 225, 228 (Alaska 1981). In Dewey I we said:

> Relief under Civil Rule 60(b)(6) is inappropriate when a party takes a deliberate action that he later regrets as a mistake. Here, Michael deliberately agreed to support Tisha but now regrets the consequences. Furthermore, this court has held that "clause (6) is reserved for extraordinary circumstances not governed by the preceding clauses," and that "[t]ime-barred relief under the first five clauses is not allowed under clause (6)." In this case, Michael is essentially alleging a "mistake." Post-judgment relief for a mistake is governed by Civil Rule 60(b)(1), and is time-barred if not brought within one year. Michael cannot assert 60(b)(6) as a means of avoiding this time limitation.

6. Rule 60(b) provides in relevant part:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise or excusable neglect;
   . . .
   (6) any other reason justifying relief from the operation of the judgment.

886 P.2d 623, 628 (Alaska 1994) (citations and footnotes omitted).

■ The law of the case doctrine "requires a lower court to follow an appellate court's prior decision and prohibits reconsideration of issues which have been adjudicated in an appeal of the case." Bauman v. Day, 942 P.2d 1130, 1132 n. 1 (Alaska 1997) (citing Mogg v. National Bank of Alaska, 846 P.2d 806, 810 (Alaska 1993)). In light of our prior decision, Michael is clearly barred from rearguing the issue of mistake.

### C. The Superior Court Had Subject Matter Jurisdiction to Enter the Original Child Support Order.

■ Michael argues that the 1985 support order is "void" under Civil Rule 60(b)(4) because the superior court lacked subject matter jurisdiction to establish child support for Tisha.[7] A judgment may be attacked as void under Rule 60(b)(4) on the basis of subject matter jurisdiction. See Perry v. Newkirk, 871 P.2d 1150, 1153 n. 5 (Alaska 1994). A court that lacks subject matter jurisdiction is "without power to decide a case." Wanamaker v. Scott, 788 P.2d 712, 713 n. 2 (Alaska 1990).

■ Helen asserts that Michael's motion is untimely and therefore waived. Her argument is not well-taken. A Rule 60(b)(4) motion attacking subject matter jurisdiction may be brought at any time and is not subject to the "reasonable time" limitation found in Civil Rule 60(b). Burrell v. Burrell, 696 P.2d 157, 163 n. 11 (Alaska 1984); DeVaney v. State, Dep't of Revenue, Child Support Enforcement Div. ex rel. DeVaney, 928 P.2d 1198, 1199 n. 1 (Alaska 1996); Kennecorp Mortgage & Equities, Inc. v. First Nat'l Bank, 685 P.2d 1232, 1236 (Alaska 1984). A challenge to subject matter jurisdiction may

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the date of notice of the judgment. . . .

7. Rule 60(b)(4) provides: "[T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void[.]"

be raised at any point during the litigation. *See Wanamaker*, 788 P.2d at 713 n. 2 ("[N]o matter how disingenuous it may be for a party which has previously invoked a state's jurisdiction later to challenge it in a related case, this court must ensure that the superior court's order is not 'void.'") (citation omitted). Further, a judgment may be collaterally attacked for lack of subject matter jurisdiction. *See DeNardo v. State*, 740 P.2d 453, 456–457 (Alaska 1987); *Burrell*, 696 P.2d at 162. Therefore Michael's motion is properly before this court.

Michael relies on a literal reading of the dissolution statutes referring to minor children "born of the marriage or adopted by the petitioners" to support his argument.[8] Michael reasons that because Tisha was literally neither born nor adopted during the marriage, the superior court lacked jurisdiction to order child support.

We rejected a similar argument in *J.C. v. M.L.C.*, 668 P.2d 1351 (Alaska 1983). In *J.C.*, the husband and wife stipulated in the dissolution petition that one child was "born of the marriage," that the wife would have custody, and that the husband would have reasonable visitation and pay child support. *Id.* at 1352. The superior court then entered a dissolution decree incorporating this agreement. *See id.* Over one year later, the husband denied paternity and sought to set aside his child support obligation. *See id.* He argued in part that the superior court lacked subject matter jurisdiction because the child was not a child "of the marriage," as described in the dissolution statutes. *Id.* at 1352–53. We held that the superior court had subject matter jurisdiction to enter the child support order because the court was "competent to render judgment concerning child custody and support[.]" *Id.* at 1353.

We commented: "Moreover, the petition can be interpreted as an agreement to support the child regardless of its paternity. We know of no reason why the superior court would lack authority to enforce such an agreement." *Id.*

■■■ We are persuaded that the superior court had jurisdiction to enter the initial child support order. At the time of the dissolution proceedings, the statutory scheme allowed the superior court to consider and incorporate the parties' agreements concerning child support. *See, e.g.*, AS 25.24.210(e)(6) (1983) ("petition shall state in detail the terms of agreement as between the spouses with regard to ... child support ... [and] other facts and circumstances which the petitioners believe should be considered"); AS 25.24.220(d)(2) (1983) (court shall consider whether child support agreements are "fair, just, and equitable as between the spouses and in the best interests of the children of the marriage"); AS 25.24.230(a)(2) (1983) (court shall provide relief as to child support agreements if "not grossly unfair, unjust, or inequitable and are in the best interests of the children of the marriage"). The current statutes also recognize such agreements.

The superior court's jurisdiction in this area is broad. The dissolution statutes contemplate agreements between the parties regarding child support. And we have not limited the court's jurisdiction in this context. *See, e.g.*, *Wright v. Black*, 856 P.2d 477, 481 (Alaska 1993) (summarily denying Rule 60(b) relief to father who later denied paternity of child listed as "child of the marriage" in dissolution decree); *Adrian v. Adrian*, 838 P.2d 808, 809 n. 1 (Alaska 1992) (reviewing child support order between parties who agreed in divorce proceedings that mother's stepdaughter was "child of the marriage").[9]

---

**8.** Michael primarily relies on AS 25.24.210(e) and AS 25.24.220(h). Subsection .220(h) was enacted in 1990 and thus did not govern the jurisdiction of the superior court over the 1985 dissolution proceedings. However, the phrase "child of the marriage" or similar language appeared in 1985 in subsections .200(a)(2), .210(e)(4), .220(d)(2), and .230(a)(2). It currently appears in subsections .200(a)(2), .210(e)(4), .220(d)(2), .220(h)(3), .220(i), and .230(b)(2). Thus, we address Michael's arguments in light of this general language.

**9.** Similarly, we have construed the term "child of the marriage" broadly in custody and visitation cases. *See, e.g.*, *Buness v. Gillen*, 781 P.2d 985, 988 (Alaska 1989) (holding that a "psychological parent" is a parent within the meaning of AS 25.20.060 for purposes of custody); *Carter v. Brodrick*, 644 P.2d 850, 853, 856 (Alaska 1982) (concluding that statutory language, child "of the marriage," includes stepparents *in loco parentis* for purposes of visitation).

In *Perry v. Newkirk*, 871 P.2d 1150 (Alaska 1994), we discussed the contours of subject matter jurisdiction:

> The question therefore is whether the public interest in observance of the particular jurisdictional rule is sufficiently strong to permit a possibly superfluous vindication of the rule by a litigant who is undeserving of the accompanying benefit that will redound to him. The public interest is of that strength only if the tribunal's excess of authority was plain or has seriously disturbed the distribution of governmental powers or has infringed a fundamental constitutional protection.

*Id.* at 1155 (quoting Restatement (Second) of Judgments § 12 cmt. d (1982)). Strong public policy favors enforcement of express, voluntary agreements to support children, especially where it cannot be said that the "subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority[.]" Restatement (Second) of Judgments § 12 (1982).

We therefore conclude that the superior court did not lack jurisdiction to enter a child support order based on Michael's express agreement to support Tisha.

## V. CONCLUSION

The superior court properly increased Michael's child support obligation pursuant to Civil Rule 90.3. Michael's attempts to obtain relief due to mistake are foreclosed by our decision in *Dewey I.* The initial child support order is not void for want of subject matter jurisdiction. We therefore AFFIRM the judgment of the superior court.