*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ALASKA COMMERCIAL FISHERMEN'S MEMORIAL IN JUNEAU, | ) ) ) | Supreme Court No. S-15676 |
| | ) | Superior Court No. 1JU-14-00487 CI |
| Appellant, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | No. 7054 – September 25, 2015 |
| CITY AND BOROUGH OF JUNEAU, | ) ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Louis J. Menendez, Judge.

Appearances: Bruce B. Weyhrauch, Larri Irene Spengler, and Gayle Horetski, Law Office of Bruce B. Weyhrauch, LLC, Juneau, for Appellant. Christopher F. Orman, Assistant City Attorney, and Amy Mead, City Attorney, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.    INTRODUCTION

A nonprofit organization constructed a granite memorial on the Juneau waterfront and each spring conducted a ceremonial blessing of the fleet as the fishing

boats passed by. The City and Borough of Juneau decided to build a large dock on the same stretch of waterfront. The City asked the State of Alaska to transfer the State-owned submerged lands necessary to complete the project, and the organization filed suit to enjoin construction of the dock before the land was transferred. The superior court denied the organization's motions for injunctive and declaratory relief, denied motions to amend and for a continuance to conduct discovery, and granted the City's motion to dismiss the organization's claims.

We conclude that the superior court was correct in ruling that the organization failed to allege an actual controversy and that the organization's proposed amendment to its complaint was futile. We therefore affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

The Alaska Commercial Fishermen's Memorial in Juneau (Fishermen's Memorial), a nonprofit corporation, built and maintains a granite memorial on the Juneau waterfront overlooking the Gastineau Channel. Engraved on the memorial are the names of men and women who have died in the Alaska commercial fishing industry. On the first Saturday in May, Fishermen's Memorial hosts the annual "Blessing of the Fleet," a ceremony in which commercial fishing boats parade past the memorial for a blessing before heading out to fish.

The City and Borough of Juneau (the City) plans to build a new dock — known as Dock 16B — for berthing cruise ships. The project was reviewed and endorsed by the City in a multi-year administrative process that included a number of opportunities for public input: the Assembly's passage of a resolution in 2009 authorizing a request for funds from the State legislature (which the legislature provided in 2010); the Assembly's passage of another resolution in 2010 approving a preliminary design; and a Planning Commission decision in 2012 approving a conditional use permit.

At several points in the process Fishermen's Memorial raised concerns about the project's impact on the Blessing of the Fleet ceremony, and some design changes were made in response. In 2013 Fishermen's Memorial also intervened in an administrative appeal to the Assembly from the Planning Commission's decision to approve the conditional use permit; the Assembly ultimately affirmed the Planning Commission's decision.

Completing the project under the approved plan requires that the City obtain title to submerged lands currently owned by the State of Alaska.[1] In 2013 the Division of Mining, Land and Water within the Alaska Department of Natural Resources issued a preliminary decision conveying the land to the City, then scheduled a public comment period. The Division received a single public comment: a comprehensive letter with attachments from Fishermen's Memorial. Fishermen's Memorial argued that the proposed dock would interfere with the annual Blessing of the Fleet ceremony by making fishing boats' access to the waterfront memorial more difficult (and for some larger boats, impossible). It argued that the proposed transfer of submerged lands violated state law and the City's own plans for land use and waterfront development.

The Division addressed each of the arguments raised by Fishermen's Memorial and rejected them. The Division's Southeast Regional Manager then signed a "Final Finding and Decision" determining "that it is in the best interest of the State to proceed with this conveyance under the authority of AS 38.05.825." Fishermen's Memorial appealed to the Commissioner of the Department of Natural Resources, and

---

[1]  *See* AS 38.04.062(a) ("[T]he state owns all submerged land underlying navigable water to which title passed to the state at the time the state achieved statehood . . . .").

the decision's effect was automatically stayed by regulation.[2]  While the stay was in effect, the City accepted a contractor's bid for construction of the dock.

Fishermen's Memorial then filed a complaint in superior court contending that "[t]he City cannot [legally] construct Dock 16[B] because the City does not have the submerged lands in the Gastineau Channel to legally be able to construct Dock 16B in Gastineau Channel."  Fishermen's Memorial asked the court to issue a temporary restraining order and injunction "against the City to enjoin it from taking any action to authorize or pay for Dock 16B or the construction of Dock 16B in Gastineau Channel unless and until DNR's Final Decision becomes a final decision."  The superior court denied the motion for a temporary restraining order, reasoning that since "the City does not have title to the submerged lands and construction of Dock 16B remains uncertain," Fishermen's Memorial had not shown the prospect of immediate and irreparable injury. Following a hearing, the superior court denied a preliminary injunction as well, on grounds that Fishermen's Memorial had failed to show either irreparable harm or probable success on the merits.

Fishermen's Memorial then moved to amend its complaint to include a claim that the City had failed to disclose potential environmental remediation costs that it contended "should be disclosed as part of the City's Dock 16B construction project." It also filed a motion seeking "Declaratory Judgment on the issue of whether the defendant City may construct a dock on submerged lands . . . before it has a final

---

[2]    *See* 11 Alaska Administrative Code (AAC) 02.060(a) (2005) ("[T]imely appealing or requesting reconsideration of a decision in accordance with this chapter stays the decision during the commissioner's consideration of the appeal or request for reconsideration.").

decision from the State of Alaska's Department of Natural Resources transferring those submerged lands to the City."[3]

The City opposed Fishermen's Memorial's motion to amend and its motion for declaratory judgment and filed its own motion for judgment on the pleadings under Alaska Civil Rule 12(c). Fishermen's Memorial opposed the City's motion and requested a continuance pursuant to Alaska Civil Rule 56(f) so that it could seek discovery "to determine whether the city ever disclosed to the public the environmental hazards associated with its proposed dock and the serious and substantial questions that the Memorial has raised related to the harm presented to the Memorial by the City's proposed dock."

The superior court issued an order addressing all outstanding issues. It observed that "[d]eclaratory relief is not permitted when declarations are sought concerning hypothetical or advisory questions." Because Fishermen's Memorial had failed to allege that "the City intends to begin construction [of the dock] without title to the [submerged] lands," the court concluded that Fishermen's Memorial had "failed to demonstrate the existence of an actual controversy in this matter that requires the court's intervention." The court therefore denied Fishermen's Memorial's motion for declaratory judgment, denied its motion to file an amended complaint, and granted the City's motion for judgment on the pleadings.

Fishermen's Memorial appeals. It claims that declaratory judgment was improperly denied — and the City's motion for judgment on the pleadings improperly

---

[3] Shortly after Fishermen's Memorial filed the motion to amend its complaint, the Commissioner issued his final decision denying Fishermen's Memorial's administrative appeal and affirming the Division's transfer of the submerged lands to the City. Fishermen's Memorial appealed that decision to the superior court; the administrative appeal is a separate proceeding from the case now before us.

granted — because there was an "actual controversy" sufficient to warrant the court's involvement; that it should have been granted leave to amend its complaint; and that the superior court erred in denying its Civil Rule 56(f) motion for time to conduct discovery.

## III. STANDARDS OF REVIEW

Although a superior court's grant or denial of a motion for declaratory judgment under AS 22.10.020(g) is reviewed for abuse of discretion,[4] "[t]he statute's reference to an 'actual controversy' encompasses considerations of standing, mootness, and ripeness," and "we review de novo a superior court's ripeness determination."[5]

"We review the superior court's rulings under Alaska Civil Rule 12(c) . . . de novo."[6]

Finally, we review for abuse of discretion both a superior court's denial of a motion to amend a complaint[7] and its denial of a motion under Civil Rule 56(f).[8]

## IV. DISCUSSION

### A. The Superior Court Did Not Err In Denying Fishermen's Memorial's Motion For Declaratory Judgment Because No Actual Controversy Existed.

Fishermen's Memorial argues that the superior court erred in denying its motion for declaratory judgment, asserting that there was an actual controversy: The

---

[4] *Brause v. State, Dep't of Health & Soc. Servs.*, 21 P.3d 357, 358 (Alaska 2001).

[5] *State v. Am. Civil Liberties Union of Alaska*, 204 P.3d 364, 368 (Alaska 2009).

[6] *Sea Hawk Seafoods, Inc. v. City of Valdez*, 282 P.3d 359, 364 (Alaska 2012).

[7] *In re Estate of Bavilla*, 343 P.3d 905, 908 (Alaska 2015).

[8] *RBG Bush Planes, LLC v. Kirk*, 340 P.3d 1056, 1060 (Alaska 2015).

City had begun preparations for the construction of Dock 16B even though the State-owned submerged lands required for the project had not yet been transferred to the City. Fishermen's Memorial argues that a declaratory judgment was appropriate to "compel the City to stop taking actions to build its dock" and to "tell the City that it cannot build its dock on submerged lands that have not been conveyed to it by DNR." But the record is devoid of any credible assertion that the City intended to build on lands it did not own, and the superior court did not abuse its discretion by refusing to grant a declaratory judgment on a purely hypothetical (and seemingly unlikely) set of facts.

According to AS 22.10.020(g), "[i]n case of an actual controversy in the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought."[9] "The statute's reference to an 'actual controversy' encompasses considerations of standing, mootness, and ripeness"[10] and "reflects a general constraint on the power of courts to resolve cases. Courts should decide cases only when a plaintiff has standing to sue and the case is ripe and not moot."[11] Ripeness, in turn, "depends on 'whether . . . there is a substantial controversy, between parties

---

[9] *See also* Alaska R. Civ. P. 57(a) (discussing procedures applicable to declaratory judgments).

[10] *Am. Civil Liberties Union of Alaska*, 204 P.3d at 368.

[11] *Id.* Rather than a matter of constitutional law, our ripeness doctrine "is a matter of judicial policy." *Bowers Office Prods., Inc. v. Univ. of Alaska*, 755 P.2d 1095, 1096 (Alaska 1988) (" 'Our mootness doctrine . . . is a matter of judicial policy, not constitutional law.' The same is true of standing . . . and, by analogy, ripeness." (first alteration in original) (citations omitted)).

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' "[12]

Although Fishermen's Memorial did not clearly define the legal basis for the claims alleged in its complaint, it did assert both in its complaint and in its motion for declaratory relief that the City would be trespassing on State property if it began construction before the submerged lands were conveyed.[13] But the superior court rejected a trespass claim's factual premise: "[Fishermen's] Memorial has not shown that the City is preparing to begin construction on state-owned land. Nor has the Memorial shown that the City's conduct is illegal or unauthorized." Instead, according to the superior court, "[w]hat has been demonstrated is that the City is pursuing the Dock 16B 'project' on lands that DNR is actively trying to transfer to the City. . . . [T]here has not been a showing that the City intends to begin construction without title to the lands."

We agree that Fishermen's Memorial failed to allege a trespass claim that was ripe for adjudication. It alleged in its complaint that "[t]he City . . . desires to construct a large dock, named Dock 16B, in the Gastineau Channel," outlined the administrative process described above, and noted that "the City approved an ordinance approving construction of the Dock." With these allegations of fact as background, Fishermen's Memorial asserted that the "City cannot [legally] construct Dock 16[B] because the City does not have [title to] the submerged lands in Gastineau Channel to

---

[12] *Am. Civil Liberties Union of Alaska*, 204 P.3d at 369 (quoting *Brause v. State, Dep't of Health & Soc. Servs.*, 21 P.3d 357, 359 (Alaska 2001)) (alteration in original); *accord State v. Native Vill. of Tanana*, 249 P.3d 734, 747-50 (Alaska 2011).

[13] *See Lee v. Konrad*, 337 P.3d 510, 522 (Alaska 2014) (noting that a trespass "is an unauthorized intrusion or invasion of another's land" (quoting *Mapco Express, Inc. v. Faulk*, 24 P.3d 531, 539 (Alaska 2001)) (internal quotation marks omitted)). We assume solely for purposes of argument that Fishermen's Memorial has standing to bring a claim that the City intends to trespass on State lands and that such a claim is not moot.

legally be able to construct Dock 16B in Gastineau Channel." In its motion Fishermen's Memorial simply restated these claims; taken as true, they amount to an assertion that the City plans to construct a dock in the near future on lands currently owned by the State and has begun advancing the project through steps short of actual construction.

But nowhere did Fishermen's Memorial make any factual allegations that could be reasonably construed to mean that a trespass had occurred or was even likely. Indeed, Fishermen's Memorial's argument that the City intended to start construction prematurely depended entirely on a strained and misquoted reading of the City's answer. Responding to the complaint's allegation that "the City had to obtain the submerged lands in front of the memorial from the State of Alaska Depart[ment] of Natural Resources" before it "could construct Dock 16B in front of the memorial," the City asserted:

> Denied. The Dock 16B project could start before the submerged lands are conveyed because of the long lead [times] due to the nature of the construction project. Furthermore, if the [City] failed to obtain the submerged lands pursuant to AS 38.05.825, the [City] could either move the project entirely [onto City] submerged lands or seek alternative land conveyance opportunities.

In its motion for declaratory relief, Fishermen's Memorial charged the City with admitting that "Dock 16B could start before the submerged lands are conveyed because of the long lead times due to the nature of the construction project." But the plain meaning of the City's assertion is that the *project* could move forward regardless of the transfer of State-owned lands, and that if the transfer fell through the City would explore other options for land on which to build. Fishermen's Memorial's reading of this assertion — that the City intends a risky trespass by building a dock on lands it does not own — is flatly unreasonable.

Although we "interpret standing, and by extension ripeness, leniently in order to facilitate access to the courts," especially where "pre-enforcement constitutional challenges to statutes" are not involved,[14] we "should not issue advisory opinions or resolve abstract questions of law."[15] In this case, nothing supported Fishermen's Memorial's central allegation that the City intended to build on State-owned lands before it had title to them. To the extent its claims revolved around the approval of permits and plans necessary to move the Dock 16B project forward, such pre-construction activities fall far short of a trespass.[16] In short, this case does not present a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[17] Fishermen's Memorial failed to "establish[] the injury and threat of injury necessary to support this suit" in superior court,[18] and the court did not err when it denied the motion for declaratory judgment.

---

[14] *Native Vill. of Tanana*, 249 P.3d at 749 & n.119 (quoting *Am. Civil Liberties Union of Alaska*, 204 P.3d at 375-76 (Carpeneti, J., dissenting)).

[15] *Am. Civil Liberties Union of Alaska*, 204 P.3d at 368-69 (quoting *Bowers Office Prods., Inc.*, 755 P.2d at 1097-98) (internal quotation marks omitted); *see also Ahtna Tene Nené v. State, Dep't of Fish & Game*, 288 P.3d 452, 460 (Alaska 2012).

[16] *See Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010) (rejecting neighbor's claim that grant of special use permit for wind farm interfered with her property rights as "too metaphysical for us" because the court "[could not] see how the permit, unexercised, causes a trespass or nuisance as Illinois law conceptualizes those causes of action").

[17] *Am. Civil Liberties Union of Alaska*, 204 P.3d at 369 (quoting *Brause*, 21 P.3d at 359) (internal quotation marks omitted).

[18] *Native Vill. of Tanana*, 249 P.3d at 749.

**B.** **The Superior Court Did Not Err In Granting The City's Motion For Judgment On The Pleadings Because The Dispute Was Not Ripe For Adjudication.**

For the same reason, the superior court did not err when it granted the City's motion for judgment on the pleadings. "The standard for a Rule 12(c) motion is identical to the standard for a summary judgment motion: the superior court will grant the motion only if there are no genuine issues of material fact and, drawing all inferences in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law."[19]

Fishermen's Memorial failed to meet even this rudimentary standard. As explained above, its complaint alleged that the City did not yet own the submerged lands on which it planned to build Dock 16B, but it failed to make "any factual allegations that could directly or inferentially be considered"[20] to show that the City had begun building on the State-owned lands or was otherwise acting unlawfully. In the absence of any showing of an actual controversy, the superior court did not err when it dismissed Fishermen's Memorial's claims under Civil Rule 12(c).

**C.** **The Superior Court Did Not Abuse Its Discretion When It Denied Fishermen's Memorial's Motion To Amend Its Complaint Because The Amendment Was Futile.**

Fishermen's Memorial also challenges the superior court's denial of its motion to amend its complaint, arguing that it was an abuse of discretion to deny the amendment when the City failed to show it would be prejudiced by it. But because the proposed amendment was futile, the superior court did not abuse its discretion.

---

[19] *Sea Hawk Seafoods, Inc. v. City of Valdez*, 282 P.3d 359, 364 (Alaska 2012).

[20] *See id.* at 364-65 (affirming dismissal of contract claim on Civil Rule 12(c) motion for failure to plead facts sufficient to support unequivocal acceptance).

Alaska Civil Rule 15(a) requires that leave to amend "be freely given when justice so requires," and Alaska has "adopted a liberal policy for amending pleadings" under the rule.[21] Absent an "apparent or declared reason" for denying an amendment, leave to amend should "be freely given."[22] But notwithstanding this liberal policy, "[i]t is within a trial court's discretion to deny such a motion where amendment would be futile because it advances a claim or defense that is legally insufficient on its face."[23] "[W]hen considering whether an amendment is futile, our court 'must presume all factual allegations of the complaint to be true and [make] all reasonable inferences . . . in favor of the non-moving party.' "[24]

Fishermen's Memorial added one new paragraph in its proposed amended complaint. It asserted:

> The submerged lands [on which] the City proposes to build Dock 16B [are] listed as a contaminated site by the Alaska Department of Environmental Conservation and [are] contaminated with polycyclic aromatic hydrocarbons (PHCs) . . . that may be disturbed by the construction of Dock 16B or may have to be cleaned as part of the construction of Dock 16B, which costs should be disclosed as part of the City's Dock 16B construction project.

---

[21] *Bauman v. Day*, 942 P.2d 1130, 1132 (Alaska 1997).

[22] *In re Estate of Bavilla*, 343 P.3d 905, 908 (Alaska 2015) (quoting *Miller v. Safeway, Inc.*, 102 P.3d 282, 294 (Alaska 2004)) (internal quotation marks omitted).

[23] *Patterson v. GEICO Gen. Ins. Co.*, 347 P.3d 562, 568 (Alaska 2015) (quoting *Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 174-75 (Alaska 2010)) (internal quotation marks omitted).

[24] *Krause*, 229 P.3d at 178 (quoting *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1014 (Alaska 1999)).

Fishermen's Memorial did not identify the legal basis for a claim that the City could be required to calculate and disclose these hypothetical clean-up costs.[25] While it also added three additional requests for relief, it did not further articulate any recognized cause of action.[26]

Alaska Civil Rule 8(a) states in part that a pleading setting forth a claim for relief "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Alaska's pleading rules are interpreted to reach fair results, and generally a claim for relief need only present "a brief statement that 'give[s] the defendant fair notice of the claim and the grounds upon which it rests.' "[27] We conclude, however, that the amendment proposed by Fishermen's Memorial does not do even this much.

In support of its opposition to the City's motion to dismiss, Fishermen's Memorial presented the affidavit of a Juneau resident who supported the allegations of

---

[25] A complaint must, at minimum, "set forth allegations of fact consistent with some enforceable cause of action on any possible theory." *State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs. v. Native Vill. of Curyung*, 151 P.3d 388, 396 (Alaska 2006) (quoting *Reed v. Municipality of Anchorage*, 741 P.2d 1181, 1184 (Alaska 1987)) (internal citation omitted).

[26] The new requests for relief asked for "full disclosure of the costs of the project," for "the City to mitigate . . . the impacts of Dock 16B on the Memorial and the Blessing of the Fleet and Dedication of Names by working in good faith with the Memorial to relocate the Memorial to [a] mutually agreeable location on the Downtown Juneau Waterfront that will not be blocked by a City Dock and that will allow for safe navigation for the blessing of the fleet and have open access to the waters of Gastineau Channel, in perpetuity," and for "judgment and declaratory relief on the issues raised."

[27] *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 673 (Alaska 2002) (quoting *Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164, 1168 n.4 (Alaska 1998)) (alteration in original); *see also Griffith v. Taylor*, 937 P.2d 297, 306-08 (Alaska 1997) (holding that complaint failed to state claim for negligence despite Alaska's liberal pleading rules).

contamination made in the proposed amendment and asserted that he had never heard anything from the City about the possible contamination or the possible costs of cleaning it up. But assuming these allegations to be true, Fishermen's Memorial still failed to present a legal theory on which it would be entitled to relief from the City; its opposition cited no statute or common law principle that required these hypothetical costs to be identified and disclosed. Even on appeal, in response to the City's argument that the amended complaint failed to state a cause of action, Fishermen's Memorial responds simply that "[t]hese issues related to the City's proposed dock and the Memorial should be allowed to pursue its claims in its amended complaint."

The superior court did not explicitly undertake an analysis of whether leave to amend should be freely given in this case or whether there was a ground to deny the amendment under Civil Rule 15(a); yet it is apparent that the proposed amendment would not have survived a dispositive motion.[28] Because amendment was futile, the superior court did not abuse its discretion in denying leave to amend.

### D. The Superior Court Did Not Abuse Its Discretion When It Denied The Request by Fishermen's Memorial To Conduct Discovery Pursuant To Alaska Civil Rule 56(f).

Because the superior court did not err in denying Fishermen's Memorial's motion to amend its complaint, there was likewise no error in its denial of Fishermen's Memorial's motion for discovery pursuant to Alaska Civil Rule 56(f). The rule provides that, when it appears the party opposing a motion for summary judgment is unable to

---

[28]    *See Bush v. Elkins*, 342 P.3d 1245, 1252 (Alaska 2015) (affirming denial of amendment adding contractual interference claim when complaint failed to allege that plaintiff was party to or third-party beneficiary of contracts at issue); *see also Patterson*, 347 P.3d at 569-70 (finding no abuse of discretion in dismissing complaint where "Patterson claimed at a pre-trial hearing that the superior court misinterpreted the legal theory behind his proposed claims, but he provided no alternative legal or factual grounds to support these claims").

"present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Fishermen's Memorial argues that before effectively opposing the City's motion to dismiss, it needed discovery "to determine whether the city ever disclosed to the public the environmental hazards associated with its proposed dock and the serious and substantial questions that the Memorial has raised related to the harm presented to the Memorial by the City's proposed dock." But as described above, the proposed amendment claiming nondisclosure was properly denied as futile. And to the extent the request related to the original complaint, those claims were properly dismissed on the pleadings. Civil Rule 56(f) is intended to allow litigants the opportunity to oppose summary judgment with evidence supporting their properly pleaded claims; it is not intended as a vehicle for obtaining discovery on claims that cannot be pleaded sufficiently in the first place.[29] Civil Rule 56(f) was inapplicable once the superior court had determined that no claims survived the pleading stage, and the court therefore did not abuse its discretion when it denied the request for a Rule 56(f) continuance.

## V. CONCLUSION

The superior court did not err in denying Fishermen's Memorial's motion for declaratory judgment, in dismissing its complaint under Civil Rule 12(c), in denying its motion to amend its complaint, or in refusing to permit discovery pursuant to Alaska Civil Rule 56(f). Accordingly, we AFFIRM the judgment of the superior court.

---

[29]     *See Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1259 (Alaska 2001) ("The purpose of [Civil Rule 56(f)] is 'to provide an additional safeguard against premature grants of summary judgment.' " (quoting *Gamble v. Northstore P'ship*, 907 P.2d 477, 485 (Alaska 1995)) (footnote omitted)).