**MUWEKMA TRIBE, Plaintiff,**

v.

**Gale NORTON et al, Defendants.**

**Civil Action No. 99–3261(RMU).**

United States District Court,
District of Columbia.

June 11, 2002.

Harry Rubenstein Sachse, Sonosky, Chambers, Sachse & Endreson, Washington, DC, for Muwekma Tribe.

Renita Ford, U.S. Dept. of Justice, Env. & Natural Resources Div., Washington, DC, Rollin Anthony Rogers, U.S. Dept. of Justice, Env. & Natural Resources Div., Washington, DC, for Bruce Babbitt, Kevin Gover.

Robert Elijah Jordan, III, Steptoe & Johnson, L.L.P., Washington, DC, for Mashpee Wampanoag Indian Tribal Council, Inc.

## *MEMORANDUM ORDER*

URBINA, District Judge.

### DENYING THE DEFENDANTS' MOTION TO ALTER OR AMEND THE COURT'S ORDER

### I. INTRODUCTION AND BACKGROUND

The Muwekma Tribe is a tribe of Ohlone Indians indigenous to the present-day San Francisco Bay area. In the early part of the Twentieth Century, the Department of the Interior ("DOI" or "the defendants") recognized the Muwekma Tribe as an Indian tribe under the jurisdiction of the United States. In more recent times, however, and despite its steadfast efforts, the Muwekma Tribe has been unable to obtain federal recognition. This matter is currently before the court on the defendants' motion to modify paragraph three of the court's November 27, 2001 Order granting the plaintiff's second motion to extend certain dates.

The Muwekma Tribe filed a complaint in this court in December 1999, seeking an order compelling DOI to complete its review within one year. At that time, the Tribe had been engaged in the recognition process for ten years. On June 30, 2000, the court granted partial summary judgment to the plaintiff and directed the defendants to submit a proposed schedule for resolving the plaintiff's petition. Mem. Op. dated June 30, 2000. The court subsequently approved the defendants' proposed schedule and thereby supplemented the June 30, 2000 Order. Order dated July 31, 2000. On January 16, 2001, the court granted the plaintiff's motion to amend the July 2000 ruling and set a **deadline for the defendants' final determination:** March 11, 2002. Mem. Op. and Order dated Jan. 16, 2001. Subsequently, the court issued two orders granting the plaintiff's requests for extensions of time that also extended the corresponding defendants' deadline. Orders dated Oct. 25, 2001 and Nov. 27, 2001.

On December 12, 2001 the defendants moved to modify paragraph three of the court's November 27, 2001 Order granting the plaintiff's second motion to extend certain dates. The Order extended the following deadlines set in an October 25, 2001 Order: (1) petitioner and third-party comments on the government's proposed findings, from November 28, 2001 to January 27, 2002; (2) Muwekma Tribe's response to comments, from January 28, 2002 to March 28, 2002; and (3) the defendants' **final determination** of the Muwekma Tribe's petition from April 10, 2002 to August 8, 2002. *See* Orders dated Oct. 25, 2001 and Nov. 27, 2001. Though the first two deadlines were only extended by two months, the court extended the defendants' final determination deadline by four months in an effort to accommodate the defendants who had opposed the plaintiff's

second request for extensions because the new deadlines would disrupt DOI's schedule.

Rather than requesting an extension of the final determination deadline, the defendants are now asking this court to vacate the deadline and to set *no* **deadline for the final determination** of the Muwekma petition. *See* Defs.' Mot. to Modify Paragraph 3 of Court's Order. The court ruled on this issue of setting a deadline for final determination of the Tribe's petition and explained its decision in considerable detail in the court's January 16, 2001 Memorandum Opinion and Order, **not** in its November 27, 2001 Order. The court deems the defendants' argument boldly disingenuous since what the defendants truly seek is an amendment of the January 16, 2001 final ruling.

Though the defendants do not state what legal authority provides the mechanism for reconsideration of an earlier court decision, Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") is appropriate here.

## II. THE DEFENDANTS HAVE FAILED TO MEET THE FACTORS REQUIRED FOR RELIEF FROM JUDGMENT

 In its discretion, the district court may relieve a party from an otherwise final judgment, order or proceeding under six circumstances as set forth in Rule 60(b). *See, e.g., Lepkowski v. U.S. Dep't of Treasury,* 804 F.2d 1310, 1311–12 (D.C.Cir.1986). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 199, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

 According to the first factor in Rule 60(b), relief from a judgment may be granted for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). Such relief under Rule 60(b)(1) turns on equitable factors, notably, whether any neglect was excusable. *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Second, the court may relieve a party from an otherwise final judgment or order where there is "newly discovered evidence" which the moving party could not have discovered even by the exercise of due diligence. FED. R. CIV. 60(b)(2). Third, the court may set aside a judgment or order for fraud, misrepresentation, or other conduct of an adverse party. FED.R.CIV.P. 60(b)(3); *Mayfair Extension, Inc. v. Magee,* 241 F.2d 453, 454 (D.C.Cir.1957). Specifically, "the movant must show (1) that such 'fraud' prevented him or her from fully and fairly presenting his or her case, and (2) that the fraud is attributable to the *party* or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.,* 150 F.R.D. 1, 8 (D.D.C.1993). All motions pursuant to Rule 60(b) shall be submitted within a reasonable time, and, for reasons (1), (2), and (3), the motions must be submitted not more than one year after the judgment or ruling at issue. FED.R.CIV.P. 60(b).

 Pursuant to the fourth circumstance, a party may, at any time, seek relief from the court where the judgment or order is "void." FED.R.CIV.P. 60(b)(4). A judgment or order may be void because the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief from a final order if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based

has been reversed ... or it is no longer equitable that the judgment should have prospective application." FED.R.CIV.P. 60(b)(5); *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1138 (D.C.Cir. 1988) (noting that not all judgments that have continuing consequences are 'prospective' for the purposes of Rule 60(b)(5)). Finally, a party may, within a reasonable time, seek relief from a judgment or order for "any ... reason justifying relief from the operation of judgment." FED.R.CIV.P. 60(b)(6). Rule 60(b)(6) should be used sparingly and applied only in "extraordinary circumstances." *Pioneer,* 507 U.S. at 393, 113 S.Ct. 1489.

■ The order at issue in the instant matter was final in that it amended an order which had supplemented an order that disposed of all the issues raised in the complaint—the defendants' delay in acting on the petition—as to all the parties to the suit. *See* Orders dated June 30, 2000, July 31, 2000 and January 16, 2001. The defendants have failed to demonstrate the existence of a mistake, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason that could justify relief from the court's January 16, 2001 ruling. *See* FED.R.CIV.P. 60(b). Instead, the defendants seek to re-litigate the court's decision to impose a final deadline for the final determination of the Tribe's petition. Mem. Op. and Order dated Jan. 16, 2001. Consequently, the court denies the defendants' motion.

Accordingly, it is this 11th day of June 2002,

**ORDERED** that the defendants' motion is **DENIED.**

**SO ORDERED.**